

Manuel A. Wagan
E-30055, 530-2-26 Low
Post Office Box  9
Avenal, CA 93204

In Pro Per

IN THE UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Manuel A. Wagan

      Petitioner,

v.

SAN MATEO COUNTY SUPERIOR COURT

      Respondent,

CALIFORNIA ATTORNEY GENERAL

      Real Party in Interest.

Case No. **CV 08       1082 (PR)**

**PETITION FOR WRIT OF MANDATE/PROHIBITION AND DECLATORY RELIEF AND POINT OF AUTHORITY . 28 U.S.C.A. §1651 (a)(b)**

**WHA**

I

INTRODUCTION

1. Petitioner, Manuel A. Wagan, petition this Court for a Writ of Mandate/ Prohibition directed to the San Mateo Superior Court (case No. C-20837) San Mateo county, State of Califofornia, and by this verified petition, represents that:  This action challenges the unconstitutional and illegal Life sentence imposed to the Petitioner by the San Mateo superior Court (hereinafter Respondent) without a separate conviction of willful, deliberate, and premeditated element of the life crime as required mandatorilly and separately of Penal Code § 664(a), §189 & CALJIC 8.67; In re Winship, 90 S.Ct. 1068 (1970)("Proof beyond reasonable doubt is required to establish guilt of criminal charge.") U.S.C.A.Const. Amend. 14 (Constitutional safeguard of proof beyond reasonable doubt is as much required during

1

adjudicatory stage of...like adults, are constitutionally entitled
to proof beyond reasonable doubt when they are charged with violation
of criminal law.  U.S.C.A.Const. Amend. 14.  (Record Transcript
hereinafter RT 1098: 11-16, 1099:26-1100:1-2 "C".).  Petitioner
was never been separately convicted of willful, deliberate, and
premeditated element of attempted murder allegation.  Therefore,
Petitioner's Life sentence that was uncontitutionally and illegally
imposed.  Petitioner's conviction of "Frist Degree Attempted Murder"
a noncrime in California or is no such crime.  (See People v. Bright,
12 Cal.4th 652; People v. Macias (1982) 137 Cal.App.3d 471-472;
Apprindi v. New Jersey 530 U.S. 466; Cunningham v. California 2007
U.S. LEXES 1324.)  See also EXHIBIT "I Cal. Court of appeal's order
February 27, 2007, Case No. **116465** - the court confirmed the
following:

> "The court has obtained the record on appeal and has
> confirmed that the verdict forms do not contain a finding
> that the attempted murder was willful, deliberate,and
> premeditated."

The facts of these case is undisputed that the jury verdict do
not contain a finding that the attempted murder was willful, del-
iberate, and premeditated and the respondent imposition of Life
sentence was clearly unconstitutional and illegal under the law and
the Constitutiona of the United States under the 14th Amendment.
The Respondent failed and contenue to fail to comply with the
requirement of PC § 664(a) & CALJIC 8.67 that the LIfe sentence
**shall** **not** be imposed unless the petitioner was found guilty **separately**
by the jury of prmeditated allegation an element of the life crime.

Respondent also violated petitioner's 8th Amendment's right
against cruel and unknewsual punishment when the respondent uncons-
titutionally and illegally imposed Life sentence without a conviction

1   of willful, deliberate, and premeditated allegation an lement of the

2   life offense as required mandatorily by Cal. Penal code §664(a) and

3   CALJIC 8.67 that the jury **must make a separate finding of true** in the

4   **premeditation allegation.**   Dent v. West virginia, 129 U.S. 114, 123

5   (1899); Wolff v. McDonnell, 418 U.S. 539, 558 (1974); Daniels v.

6   Williams, 474 U.S. 327, 331 (1986) ("The touchtone of due process is

7   the protection of the individual against arbitrary government action.)

8   The Respondent has proceeded in excess of Jurisdiction and denied

9   petitioner a fair trial and abuse its authority when respondent has

10  not proceeded in the manner required by the statute and law because

11  the life sentence that the Respondent imposed to petitioner is not

12  supported by the jury's finding.   The Petitioner's "Attempted First

13  Degree murder" conviction a noncrime in California.  (See EXHIBIT "A"

14  Jury Verdict and EXHIBIT "I" February 27, 2007 order Case No.A116465

15  .) People v. Bright, 12 C.4th 652; In re Winship, supra, Id. at 1068.

16      2.  Petitioner respectfully request that his conviction and life

17  sentence be reversed and that a judgment of acquittal be entered as

18  to Count 1 and count 2 and Petitioner be discharge forthwith.

19                                  II
20                                PARTY

**PETITIONER**

21      3.  Manuel A. Wagan (hereinafter Petitioner) is currently illega-

22  lly and unconstitutionally been incarcerated in violation of the

23  Constitution of the United States under the 14th Amendment and 8th

24  Amendment for 19 years now in Avenal State Prison.

**RESPONDENT**

25      4.  San Mateo Superior court is responsible to the illegal and

26  unconstitutional life sentence that was imposed without a convicting

27  petitioner of willful, deliberate, and premeditated allegation.

28  Petitioner's conviction fo "Attempted first degree murder a noncrime

    in California.

                                    3

III

**STATEMENT OF THE CASE**

5.  On January 19, 2007, Petitioner filed a Petition for Writ of Mandate/Prohibition.  On February 27, 2007, the California Court of Appeal order the Respondent to filed oppsition.  See EXHIBIT "I".

6.  On March 9, 2007, Respondent filed opposition to Petition for Writ of Mandate, citing People v. Villegas (2001) 92 Cal.App.4th 1217, 1223.  Respondent contend that "Like first degree murder", attempted first degree murder requires a finding of premeditation and deliberation."  This is not true and unconstitutional that violated petitioner's right to due process under the United States Constitution 5th, 8th and 14th Amendment. See EXHIBIT "J"

7.  On March 19, 2007, Petitioner send his Reply and it was filed on 3/22/2007.  (See EXHIBIT "K" 1st Appellate District Docket - Register of Actions and 3/23/07, order denying relief.)

8.  On March 23, 2007, the Court Of Appeal Order denying petition for writ of mandate/request for counsel is denied.  EXHIBIT "K".  Petitioner is a Filipino male that came here in the US when he was 21 years old and english is his second language that he only learn when he got here.  Since, the Court order is written in the english language petitioner did not understand if the order is just a denial of counsel or denial of petition, so, Petitioner wrote a letter dated April 12, 2007, requesting clarification of the March 23, 2007, denial order in petitioner's writ proceeding.  Specifically, Peti- tioner asked if the denial order was denying the entire writ pet- ition or just petitioner's request for appointment of counsel and the court Clerk explained that the above order denied petitioner's petition as well as petitioner's request for appointed counsel. (See

4

1   EXHIBIT "L" Court of Appeal's April 20, 2007, letter to the Court.)

2   Since, the 10 days time has already past petitioner filed an

3   Original Writ Petition instead of Petition for Review, and was denied

4   relief by the California Supreme Court. (See EXHIBIT "N" Case No.

5   S153547_____.)California Supreme Court ordered denying relief 7/26/07.

6       9.   On August 23, 2007, Petitioner filed a Petition for a Writ of

7   Certiorari and placed on the docket August 29, 2007 as No. 07-6191

8   and was denied on November  2007. (See EXHIBIT "O" .)

9       10.   Petitioner had filed Petition for Writ of Habeas Corpus in

10  the San Mateo County Superior Court and asking the Repondent to

11  vacate Petitioner's unconstitutional and illegal Life sentence and

12  was denied relief without evidentiary hearing on June 13, 2001.

13  Petitioner filed Petition for Writ of Habeas Copus in the California

14  Court of Appeal and was denied relief without reason, on Aug. 9, 2001

15  .  And Petitioner filed Petition for Writ of Habeas Corpus in the

16  California Supreme Court and was denied relief on May 1, 2002, citing

17  In re Clark 5 C.4th 750.  (See EXHIBIT "D" for all the State Court

18  Habeas Corpus denial of relief.)

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //
    //

5

IV

## FACTS

11. On July 25, 1989, Petitioner was convicted of "Attempted First Degree Murder (a noncrime in California) in violation of PC §§ 664/187, (See EXHIBIT "A") and other charges. (See a copy of the Abstract of Judgment sheet case no. **C-20837** attached hereto as EXHIBIT "B".)

12. Petitioner was never been convicted of willful, deliberate, and premeditated attempted murder an element of the life crime.

13. Petitioner's Jury Verdict provide the following:

> "We the jury in the above entitled cause, find the defendant, Manuel A. Wagan (AKA: Manuel Atienza Wagan ,GUILTY, of the crime of first degree attempted murder in violation of Penal Code sections 664/187, as charged in Count 1 of the Information." (See EXHIBIT "A")

14. The California Court of Appeal (case no. **116465.)** confirmed that the "Verdict forms do not contain a finding that the attempted murder was willful, deliberate, and premeditated." (See EXHIBIT"I" case no. 116465.)

15. However, at sentencing, on September 14, 1989, respondent purported to imposed an unconstitutional and illegal **Life** sentence with the posibility of parole under subdivision (a) without convicting Petitioner of willful, deliberate, and premeditated element of the **life** crime.

16. On Sept.17, 1990, Petitioner's appeal was affirmed. (See EXHIBIT "G" Wende Brief) Petitioner filed several habeas petition and all been denied by the State Court. (Citing In re Clark 5 C.4th 750, 774, (See EXHIBIT "D".) Superior Court, Appeal's Ct. & Cal.S.Ct. denial.)

6

V

POINT ANDAUTHORITY IN SUPPORT

OF PETITION FOR WRIT OF MANDATE/PROHIBITION

17.  The San Mateo sentencing judge had no jurisdiction and no authority to imposed a life sentence to Petitioner Wagan because he was never been convicted separately of willful, deliberate, and premeditated element of the life crime.  The California Court of Appeal confirmed that the "Verdict forms do not contain a finding that the attempted murder was willful, deliberate, and premeditated." (See EXHIBIT "I" case no. 116465.)

18.  Petitioner's Jury Verdict provide the following:

> "We the jury in the above entitled cause, find the defendant, Manuel a. Wagan (AKA: Manuel Atienza Wagan , GUILTY, of the crime of attempted first degree murder in violation of Penal Code section 664/187, as charged in Count I of the Information." (See Petition EXHIBIT "A" Jury Verdict.)

19. Compare to the Jury Verdict of People v. Hammer Case No. 96FU3016 in the Sacramento Superior Court (See EXHIBIT "F".) in his verdict the jury clearly convicted Hammer of premeditated attempted murder as required mandatorily by the PC § 664, subdivision (a). Hammer's jury verdict provided the following:

> "We, the in the above entitled cause, find the defendant , Jeremia Gene Hammer, GUILTY of the crime of violation of sections 664/187(a) of the Penal Code of the State of California (attempted murder) as charged in count One of the information."

> "We, the jury in the above entitled cause, find that defendant, Jeremiah Gene Hammer, DID X commit this crime willfully, and with premeditation and deliberation. (See EXHIBIT "F" Hammer's Verdict form and see also KHAN 's Verdict form, FAATILIGA's Verdict form, SMITH's Verdict form.)

20.  California Penal Code § 664, subd. (a), Attempt, Punishment provided in pertaining part:

7

"...If the crime attempted is willful, deliberate and premeditated murder as defined in section 189, the person guilty of that attempt shall be punished by imprisonment in the state prison for life with the possibility of parole...the additional term provided in this section for attempted willfu, deliberate and premeditated murder SHALL NOT be imposed unless the fact that the attempted murder was willfu, deliberate, and premeditated is admitted or found to be true by the trier of fact." (Emphasis Added.)

21.  Both California and Federal Jurisprudence recognice that question fo jurisdiction may be raised at anytime, and cannot be waived by Petitioner.  Fraytag v. Commission of Internal Revenue, 50 U. S. 868, 896, 11 S.Ct. 2631 (1991) discussing the "None waivebabi-lity" of lack of subject matter jurisdiction.

22.  The statute and case law as extablished by the Legislature and the United States Supremè Court to be followed to give respondent guideline for the imposition of a crime punishment.

23.  The federal and state Constitution require that a jury decide each element of a crime beyond a reasonable doubt.  The Cali-fornia Penal code § 664(a) and CALJIC 8.67 required that the jury find that willful, deliberate, and premeditated attempted murder have existed beyond a reasonable doubt before San Mateo sentencing judge can impose a life sentence to the petitioner.  The Due Process Clause of the Fourteenth Amendment of the United States Constitution in In re Winship, 397 U. S. 358, 90 S.Ct. 1068 (1970), held that due process requires that all elements of a crime be proved beyond a reasonable doubt.  Thus, the Respondent violated Petitioner's due process when it imposed a life sentence to the Petitioner without a conviction of willfu, deliberate, and premeditated attempted murder. "Expressions in many opinion of the United States Supreme Court indi-cated that it ahs long been assumed that proof of a criminal charge

beyond a reasonable doubt is constitutionally required.  See, for Example, MIles v. United States, 103 U.S. 304, 312, (1881); davis v. United States, 160 U.s. 469, 488, 16 S.Ct. 353, 358; Holt v. United States, 218 U.S. 245, 253, 31 X.Ct. 2, 6; Wilson v. United States 34 S.Ct. 347, 349, 350; Brinegar v. United States 338 U.S. 160, 174, 69 S.Ct. 1302, 1310 (1949); Leland v. Oregon, 343 U.S. 800, 8035, 72 S.Ct. 1009, (dissenting oppinion.  In a similar vein, the Court said in Brinegar v. United States, supra 338 U.S. at 174, 69 S.Ct., at 1310 that "guilt in a criminal case must be proved beyond areasonable doubt and by evidence confined to that which long experience in the common-law tradition, to some extent embodied in the constitution, has crystallized into rules of evidence consistent with that standard .  These rules are historically grounded rights of our system, deve- loped to safeguard men from dubious and unjust convictions, with resulting forfeitures of life, liberty and property," Davis v. United States, supra, 160 U.S., at 488, 16 S.Ct. at 358 state that the requirement is implicit in constitutions * * * (which of life and liberty."  In Davis a murder conviction was reversed because the trial judge instructed the jury that it was their duty to convict when the evidence was equally balanced regarding the sanity of the accused.  This Court said: "On the contrary, he is entitled to an acquittal of the specific crime charged, if upon all the evidence, there is reasonable doubt whether he was capable in law of committing crime. * * * is sufficient to show beyond a reasonble doubt the existence of every fact necessary to constitute the crime charged." Id., at 484, 493, 16 S.Ct., at 357, 360.  "Due process commands that no man shall lose his liberty unless the Government has borne the

1 | the burden of * * * convincing the factfinder of his guilt." To
2 | this end, the reasonable-doubt standard is indispensable, for it
3 | "impresses on the trier of fact the necessity of reaching a subjec-
4 | tive state of certitude of the facts in issue." In re Winship, supra
5 | , at 1072. **See also Cal. Penal Code Section 664, subd. (a).**

6 | Moreover, use of the reasonable-doubt standard is indispensa-
7 | ble to command the respect and confidence of the ocmmunity in appli-
8 | cations of the criminal law. It is critical that the moral force
9 | of the criminal law not be diluted by a standard of proof that
10 | leaves people in doubt whether innocent men are being condemned. It
11 | is also important in our free society that every individual going
12 | about his ordinary affairs have confidence that his government connot
13 | adjudge him guilty of acriminal offense without convincing a proper
14 | factfinder ofhis guilt with utmonst certainty." Id., at 1073.

15 |   24.  Petitioner"s conviction of "Attempted first degree murder"
16 |                (See EXHIBIT "H" - Habeas Case No. 99F06604.)
     | (PC §§ 664/187)ʌ a non crime in California was a direct violation of
17 | Petitioner's liberty interest under the "Due Process clauses" of the
18 | 14th Amendment of the U. S. constitution. The mandatory language of
19 | PC § 664(a) and CAJIC 8.67 mandatorilly required the Court to have
20 | the jury find petitioner guilty of Attempted murder and after that
21 | the jury must make a separate finding mandatorilly if the Petitioner
22 | is guilty of attempted willful, deliberate, and premeditated murder.
23 | The California Court of Appeal confirmed that the "JUry Verdict" do
24 | not contain a finding that the attempted murder was willful, delibe-
25 | rate and premeditated."  (See EXHIBIT "I").

26 |
27 |   25.  California case law recognize way back in 1977 that the
28 | crime of attempted murder is not in fact divided into degrees.  See
     | People v. Wien (1977) 69 Cal.App.3d 79, 93; People v. Macias (1982)
     | 137 Cal.App.3d 471-472; People v. Bright (1996) 12 C.4th 652.  The

jury does not decide the truth of the premeditation allegation until
it first has reached a verdict on the substantive offense charged.
Bright, supra, at 662.  Petitioner was acquited of attempted murder
was convicted of a noncrime of "Attempted first degree murder."
Petitioner was also acquited of premeditation allegation of the life
crime.  The California Supreme Court concluded that the deternination
whether an offense is divided into degree lies exclusively within the
power of the lagislature, and that such a legislative determination
cannot be altered or otherwise affected by the discription of the
offense contained in the charging document or by the form in which
the verdict is received.  Bright, supra, at 660.  Under California
Penal Code § 664(a), attempt to commit murder as a single offense
(See EXHIBIT "E" – CALJIC 8.66.)
(under CALJIC 8.66) rather than one of degrees and distinguised the
premeditation allegation (under CALJIC 8.67) as SEPARATE from the
offense.  See Bright, supra, 657.

   26.  "No one may be required at peril of life, liberty or property
to speculate as to the meaning of penal statutes.  All are entitled
to be informed as to what the state command or forbids.  See Lanzeta
v. New Jersey (1939) 306 U.S. 451, 453, Court cannot go so far as to
create an offense by elarging a statute, by inserting or deleting
words, or by giving the terms used false or unusual meaning."
"The principle of nulla poena sine lege (no punishment without law)
is fundamental to American jurisprudence.  All crimes must be enacted
by a legislature and written down in statutory law.  California
Courts are not allowed to create new criminal offenses."  (See, e.g.,
In re Brown (1973) 9 Cal.3d 612 624 ("In California all crimes are
statutory and there are no common law crimes....Deletion by the court
of one of the statutory requirements of a crimes would make conduct
criminal which the Legislature has not seen fit to make criminal and

11

violate the fundamental principle that there are no common law crimes in this state."; Keeler v. Superior Court (1970) 2 C.3d 619, 631-632 (power to define crimes and fix penalties is vested exclusively in the legislative branch, and here are no common law crimes in California); Penal Code § 6 (the only acts cognizable as crimes in California are those defines in the Penal code and the statutes which were specifically preserved by it); People v. Bean (1989) 213 Cal. App.3d 639, 646 ("there is no power in courts of this state to enact penal laws).

## DUTY OF THE RESPONDENT UNDER THE LAW

27.   In re Sandel, (1966) 64 Cal.2d 412, the California Supreme Court stated that "a court can correct illegal sentence on it own motion."  People v. Serato, supra, (1973) 9 Cal.3d 753, 764 "The People may file a petition for Writ of Mandate to correct an illegal sentence on its own motion."

28.   Respondent has a clear and present duty to correct petitioner's unconstitutional and illegal sentence (that violated his 14th and 8th Amendment right under the United States Constitution.) and Respondent contenues failure to correct petitioner's sentence will cause petitioner and his family erreperable harm.

## PETITIONER CANNOT WAIVE HIS CLAIM

29.   Both California and Federal jurisprudence recognize that questions of jurisdiction may be raised at anytime, and cannot be waived by petitioner.  Fraytag v. Commission of Internal Revenue 50 U.S. 868, 869, 11 S.Ct. 2631 (1991) discussing the "None waivebability" of lack of subject matter jurisdiction.

30.   On September 17, 1990, Petitioner's appeal was affirmed. (See a Copy of appellate denial attached hereto as EXHIBIT "G".)

31.   Dispite the most recent habeas petition files by petitioner

12

asking the Respondent to correct petitioner's sentencing error
respondent has failed and contenue to fail to comply with their duty
under California Penal Code § 664, subdivision (a), CALJIC 8.67;
In re Winship, supra , 90 S.Ct. 1068. (See EXHIBIT "D" - Superior
Court, Appellate court, and California supreme court Denial.)
(See also California court of appeal's Denial withou reason EXHIBIT
"M".)

32.   Petitioner filed a Pettion for Writ of Mandate/Prohibition
in the Court appeal, First Appellate District, Division Two Case
No. A117934 and was denied on June 5, 2007.

33.   Petitioner filed a Petition for Review in  the California
Supreme Court and was denied on July 26 2007. EXHIBIT "N".

34.   Petitioner filed a Writ of Review in the United States
Supreme Court and was denied relief without reason. See EXHIBIT"O".

35.   Despite this Writ of Mandate/Prohibition and Habeas petition
and demand, Respondent has failed and continues to fail to comply
with their mandatory ministerial duty under the Cal. Pen. Code § 664
(a), CALJIC 8.67, United States Constitution 8th, and 14th Amendment
; In re winship, 90 S.Ct. 1068.

36.   Petitioner are without further speedy remedy in the ordenary
course of law for respondent's failure to carry out the above ment-
ioned requirement.

VI

FIRST CAUSE OF ACTION: WRIT OF MANDATE

37.   Respondent has a clear, present and mandatory ministerial
duty to comply with the requirements of the statute because Petitio
ner was never been convicted of willful, deliberate, and premeditated
attempt murder allegation as required by the Cal. PC § 664(a) &

13

1   CALJIC 8.67 that life sentence must not be impose unless the jury

2   find petitioner guilty of premeditated allegation an element of the

3   life crime.  In re  Winship, supra.  U.S. Constitution 8th and 14th.

4       38.  Petitioner's conviction of "First degree Attempted murder

5   a noncrime in California statute and at all times relevant herein

6   respondent has had and contenues to have mandatory duty and abilities

7   to do so.

8       39.  Notwithstanding these duties and abilities, respondent has

9   failed and refused and contenue to fail to perform his/her mandatory

10  duty as required by the above state statute, law and the Constitution

11  of the United States 8th and 14th Amendment.

12      40.  Petitioner and his family are suffering irreperable harm

13  for 19 years now and no plaine, speedy and adequate remedy in the

14  ordinary course of the law to compel respondent to comply with the

15  Cal. PC §664(a) & CALJIC 8.67, Cal. Const., art., 1, §§7(a), 14

16  and the U.S. Const., 8th and 14th amendments requirements thereby

17  rendering this Court's peremptory writ of mandate appropriate in

18  that:

19      a)  Petitioner will contenue to suffer as long as respondent

20  fails to comply with the requirements of the PC § 664(a) & CALJIC

21  8.67, Cal. Const., art. 1, §§7(a), 14 and U.S. Const., 8th and 14th

22  Amendments; Macias supra at p. 471-472; Bright supra, at p. 664;

23  In re Winship, supra., 90 S.Ct. 1068 (1970, "Held that due process

24  requires that all elements of a crime be proved beyond a reasonable

25  doubt."  Wagan had a liberty interest in a sentence at or below this

26  statutory maximum set by statute of conviction because, absent a

27  finding of willful, deliberate and premeditated, the San Mateo County

28  sentencing judge had no authority to impose a life sentence.

14

VII

SECOND CAUSE OF ACTION: DECLARATORY RELIEF

41.  An actual controversy has arisen and now exists between Petitioner and Respondent relating to their respective rights and duties in that Petitioner contend that the unconstitutional illegal Life sentence imposed to Petitioner by the Respondent without a conviction of willful, deliberat, and premeditated allegation must follow the requirements of Cal. Penal Code § 664(a) & CALJIC 8.67, Cal. const., Art., 1, §§ 7(a), 14, and the U.S. Constitution 8th, and 14th Amendment and states and federal law.  In re Winship, supra, 90 S.Ct. 1068 (1970).  Whereas Respondent by their failure to so comply contends in all respect to the contrary.

42.  The Respondent has proceeded in excess of jurisdiction; whether there was a fair trial, abuse of discretion is established if the Respondent has not proceeded in the manner required by law, the order or decision is not supportd by the findings.  The Court shall enter judgment either commanding respondent to set aside the order of judgment.  Petitioner request to exercise its power to decide the actual controversy between the Petitioner and the Respondent because the respondent has refused or failed to do so and to hear and rule on the merits of all matters properly within its jurisdictional discretion.  Petitioner request also to set aside or vacate petitioner's Life sentence because it was unconstitutional and illegally imposed to Peititioner without a convition of willfu, deliberate, and premeditated attempted murder allegation as required by the Cal. Penal Code §664(a) & CALJIC 8.67; In re Winship, supra. and order respondent to declare aquital because petitioner was convicted of a noncrime of Attempted First deegre murder.

15

43. Petitioner contend that the Respondent imposed an unconst-
itutional and illegal Life sentence because the Petitioner's convic-
tion of "First degree attempted murder a noncrime in California and
its beyond the statutory mandate of PC § 664(a).

44. Petitioner seek a declaration that respondent has a manda-
tory ministerial duty that required to comply with the requirement
that life sentence must not be imposed unless the jury finds that
willful, delibirate and premeditation allegation was found true
**separately** as required by Cal. Penal Code § 664(a) & CALJIC 8.67,
Cal. const., Art. 1, §§ 7(a), 14, 17, and the U.S. Constitution 8th
, 14th Amendment; Macias, supra, at 471-472; Bright, supra Id. at
page 664; In re Winship, supra, 90 S.Ct. 1068. And vacate Petiti-
oner's unconstitutional and illegal Life sentence and remand Petit-
tioner for re-sentencing and order the respondent to order Petitioner
aquited because petitioner's convition of "First degree attempted
murder a noncrime in Califonia. Bright, supra, Id at 652; "no
punishment without law" see In re Brown supra, Id at 624; Keeler,
supra Id. at 531-532; Lanzetta v. New Jersey (1939) 306 U.S. 451,
453. Courts cannot go so far as to create an offense by enlarging
statute, by inserting or deleting words, or by giving the terms used
false or unusual meanings. Keeler, 2 Cal.3d at 632.

45. Petitioner seek the court declaration that petitioner's
conviction of "First degree attempted murder a noncrime in California
and without the separate conviction of willful, deliberate, and
premeditated allegation as required by PC § 664(a) & CALJIC 8.67
and that no punishment without law for petitioner's conviction of
"First degree attempted murder. In re Brown, supra Id at 624; Keeler
supra Id at 531-532; Bean supra at 646.

VIII

PRAYER FOR RELIEF

Petitioner is without plain, speedy or adequate remedy in the ordenary course of law, wherefore, petitioner pray:

1. That the Court declare that respondent's imposition of the unconstitutional and illegal Life sentence to the petitioner without a separate conviction of willful, deliberate, and premeditated attempted murder allegation is inviolation of the requirements of California Penal Code § 664(a), CALJIC 8.67, People v. Bright, supra, Id. at 664; Macias supra, Id. at 471-472, In re Winship, supra Id. at 1068 and the 14th Amendment of the Constitution of the United States and petitioner's life sentence is violation of his 8th Amendment right against cruel and unnusual punishment.

2. That the court declare Petitioner's conviction of "First degree attempted murder" is a noncrime in California and that the Court declare that no punishment without law for petitioner's conviction of "First degree attempted murder."

3. That the Court declare that respondent violated petitioner's "due process" right under the 14th Amendment of the U.S. Constitution.

4. That the Court issue its Alternative Writ of Mandate commanding the respondent to vacate petitioner's unconstitutional and illegal Life sentence that imposed to petitioner without a conviction separately of willful, delibirate, and premeditated attempted murder allegation as required mandatorilly by PC § 664(a) & CALJIC 8.67, and order respondent to remand petitioner for resentencing and declare petitioner aquited of willfu, delibirate and premeditated attempted murder and order respondent to comply to the requirements of the statute and law, and order to show cause before the Court

17

1  at a specified time and place why respondent has not done so.

2      5.   That on the hearing of this petition and respondent's

3  return thereto, if any, the court issue its peremptory writ of

4  mandate on its own motion, and until respondent complies with the

5  law.

6      6.   That the court appoint counsel to protect petitioner's

7  right by professional presentation and in the interest of justice.

8  Petitioner is indegent and cannot afford to hire counsel.

9      7.   That the cour issue an order an Order to show Cause and in

10 making the OSC decision, the Court must assume all facts are true.

11     8.   That the Court issue an order allowing for expansion of the

12 record if it cannot make the determinations required based upon the

13 record petitioner has provided.

14     9.   That the Court issue a briefing schedule.

15     10.  That after briefing is complete, the Court grant an eviden-

16 tiary hearing on any unresolve factual issues.

17     11.  That the Court issue any other orders it deems necessary

18 to resolve the issues in  dispute.

19     13.  That the Court grant such further relief as if deems just

20 and proper in the interest of justice so required.

21 DATE: FEBRUARY 8, 2008

22                                 Respectfully submitted,

23

24                                 _____
                                  Manuel A. Wagan, In Pro Per

25

26

27

28

1

## VERIFICATION

2      I, Manuel A. Wagan, I am the petitioner in the above entitled
action, I have read the foregoing Petition for Writ of Mandate/
3   Prohibition and Declaratory Relief and AFFIDAVIT and know the
contents thereof; the same is true of my own knowled, and I make
4   this verification because the facts set forth in the petition are
within my knowledge.

5

   I declare under the penalty of perjury that the foregoing is
6   true and correct.

7      EXECUTED on ___FEBRUARY 8, 2008_____, at Avenal CA.

8

9                          Manuel A. Wagan, In Pro Per

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

PROOF OF SERVICE

I, Manuel A. Wagan, declare as follows:
I am over 18 of age, a party hereto, and on the below listed date, I served the within document by inserting same into lawful course of United States Mail at Avenal, CA. from which place there is regular and lawful postal communication with the recipient below designated, postage prepaid, addressed as follows: ∵DOCUMENT

PETITION FOR WRIT OF MANDATE/PROHIBITION
AND DECLATORY RELIEF, AFFIDAVIT AND POINT OF
AUTHORITY IN SUPPORT OF THE PETITION

NOTICE TO FILE RETURN within 30 days after service

PARTY SERVED:

1. DEPARTMENT OF JUSTICE
   OFFICE OF THE ATTORNEY GENERAL
   455 Golden Gate Ave., San francisco, CA 94102

2. SAN MATEO SUPERIOR COURT - Respondent
   FOR THE COUNTY OF SAN MATEO
   MAIN COURTHOUSE
   HALL OF JUSTICE 400 COUNTY CENTER
   REDWOOD CITY, CA. 94063-1655
   RUNDE, JOHN W.....PRESIDING JUDGE, Div/Dept 15 (650) 363-4815.

I declare under penalty of perjury that the foregoing is true and correct, have for portion alleged on information and belief, which portions I believe are true.
EXECUTED: Avenal, CA., this 8 day of FEBRUARY    2008.

_____

Manuel A. Wagan, In Pro Per

AFFIDAVIT OF TRUTH
IN SUPPORT OF WRIT OF MANDATE/
PROHIBITION AND DECLATORY RELIEF

IN THE UNITED STATE DISTRICT COURT

NORTHERNDISTRICT OF CALIFORNIA

NOTICE ) ss

Indeed no more than an AFFIDAVIT is necessary to make
a PRIMA FACIE CASE, United State v. Kiss, 658 F.2d. 526
(7th Cir. 1981) Cert. Denied 50 U.S. L. W. 2169; SCT.
March 22, 1982

1.  Affiant is competent to state the matters set forth herein.

2.  Affiant has personal knowledge of the facts stated herein.

3.  Affiant herein sayth, the facts stated herein are true,
    correct, and complete, admissible as evidence, and if called
    upon as a witness affiant will testify to their veracity.

4.  AFFIANT does swear and affirm that the contents in this
    affidavit is in accordance with the best of affiants first
    hand knowledge and conviction such are true, correct,
    complete, and not misleading the truth, the whole truth,
    and nothing but the truth. Do Affiant Declare under penalty
    of perjury.

5.  That the Affiant sayth, that uncontroverted allegations deemed
    true; no matter in answer deemed controverted. Every materi-
    al allegation of the complaint or cross-complaint, not
    controverted by the answer, shall, for the purpose of the
    action, be taken true.

6.  That the Affiant sayth, that the San Mateo County Superior
    Court imposed an unconstitutional and illegal Life  sentence
    without a separate conviction of willful, deliberate, and
    premeditated element of the life crime as required mandatori-
    lly and separately of Pena  Code § 664(a), §189 & CALJIC 8.67;
    In re Winship, 90 S.Ct. 1068 (1970)("Proof beyond reasonable
    doubt is required to establish guilt of criminal charge."
    U.S.CA.Const. Amend. 14 (Constitutional safeguard of proof
    beyond reasonable doubt is as much required during adjudica-
    tory stage of...like adults, are constitutionally entitled to
    proof beyond reasonable doubt when they are charged with
    violation of criminal law. U.S.C.A. 14.

7.  That the Affiant sayth , that Affiant conviction of "First
    degree attemp-ted murder" a noncrime in California. (See
    People v. Bright, 12 Cal.4th 652; People v. Macias (1982) 137
    Cal..App.3d 471-472; Apprindi v. New Jersey 530 U.S. 466;
    Cunningham v. California 2007 U.S. LEXES 1324.)

1

8. That the Affiant sayth, that the San Mateo County Superior Court violated affiant "Due process" right under the U.S. Constitution 14th Amendment when it imposed a life sentence without a conviction of willful, deliberate, and premeditated attempted murder.

9. That the Affiant sayth, that the San Mateo County Superior Court violated affiant 8th Amendment right against cruel and unnusual punishment of the U.S. Constitution when it impose a life sentence with a possibility of parole without a separate conviction of willful, deliberate, and premeditated attempted murder as required by the California Penal Code §664(a), §189, & CALJIC 8.67, In re Winship, supra, 90 S.Ct. 1068.

10. That the Affiant sayth, that the Life sentence with the possibility of parole that illegally and unconstitutionally imposedb by the San Mateo County Superior Court is in excess of the Court's jurisdiction because affiant was never been separately convicted of willful, deliberate, and premeditated attempted murder as a mandatory duty of the Court under PC §664(a), §189 , and CALJIC 8.67.

11. That the Affiant sayth, that the affiant conviction of "First degree attempted murder is void because first degree attempted murder is not a crime in California state and law. People v. Bright, supra, Id. at p. 664, 688; Macias supra, Id. at 471-472 , People v. Cooper 53 Cal.3d 771, 832.

12. That the Affiant sayth, that murder itself is divided into degrees, and the crime of attempted murder is not divided into degrees. People v. Wein 69 Cal.App. 3d 79 ,93, Bright, supra, at 664, 677, Macias, supra, at 471-472.

13. That the Affiant sayth, that Cal. Pen. Code §664(a) as define in section 189 states in mandatory language "The additional term provided in this section for attempted willful, deliberate , and premeditated murder Shall not be imposed unless the factt that the attempted murder... is admitted or found to be true by the trier of fact."

14. That the Affiant sayth, that CALJIC 8.67, states in mandatory language "...That in the event the jury found defendant (Affiant) guilty of attempted murder, it    Must determine Separate -ly if the premeditation allegation was True. You will inclu- de a special finding on that question in your verdict, a form that will be supplied for that purpose. The people have the burden of proving the truth of this allegation."

15. That the Affiant sayth, that the people did not met their burden of proof because the jury didnot find affiant  guilty and the jury did not make the mandatory separate finding of willful, deliberate, and premeditated attempted murder. The San  Mateo Superior Court violated affiant due preceess right unde r the 5th, 6th, 8th, and 14th Amendment when the Court imposed

1    an illegal life sentence because affiant was not found guilty of
     premeditated attempted murder and the jury did not made a
2    separate finding as required mandatorilly by CALJIC 8.67, PC
     $664(a).

3

4   16. That the Affiant sayth, that the San Mateo County Superior
        Court has a mandatory ministirial duty to comply with the PC
5       $664(a) and CALJIC 8.67, Bright supra, at 664, Macias, supra,
        at 471-472, Apprindi, supra at 466.

6       Every material allegation of a compaint not controverted by
        answer must, for purposeoof action, be taken as true, and no
7       evidence need be introduced in support of such allegation.

8       FURTHER Affiant sayth not.

9       I declare under penalty of perjury that the foregoing is true
10   and correct.

11   /s/        MWhgan            AFFIANT  DATE: FEBRUARY 8,    2008.
              Manuel Atienza Wagan
12            In Pro Per

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    3

JS-44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Manuel A. Wagan

(b) County of Residence of First Listed Plaintiff __KINGS__
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS SAN MATEO SUPERIOR COURT FOR COUNTY OF SAN MATEO

County of Residence of First Listed __SAN MATEO__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| | | | & Disclosure Act | | Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | | Determination Under |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☒ 540 Mandamus & Other | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

PETITION FOR WRIT OF MANDATE/PROHIBITION 28 U.S.C.A. §1651(a)(b)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE

DOCKET NUMBER CV-99-3098-WHA

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



CIVIL COVER SHEET
(Reverse Side)

FTER COMPLETING THE FRONT SIDE OF FORM JS-44C. COMPLETE THE INFORMATION REQUESTED BELOW.

II(b). RELATED CASES: Have any cases been previously filed that are related to the present case?   ___ No   **X** Yes

/es, list case number(s):          CV-99-3098-WHA

VII. CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:

HECK ALL BOXES          ☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;

{A'T APPLY}          ☐ B. Involve the same or substantially the same parties or property;

          ☐ C. Involve the same patent, trademark or copyright;

          **XX** D. Call for determination of the same or substantially identical questions of law, or

          ☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

(. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED PLAINTIFF.

## SAN MATEO SUPERIOR COURT FOR THE COUNTY OF SAN MATEO

ist the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED DEFENDANT.'

ist the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
OTE: In land condemnation cases, use the location of the tract of land involved.

. SIGNATURE OF ATTORNEY (OR PRO PER): **X** _[signature]_                              Date _2/08/08_
**OTICE TO COUNSEL/PARTIES:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor
ipplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United
tates in September 1974, is required pursuant to Local Rule 3.3 is not filed but is used by the Clerk of the Court for the purpose of statistics,
enue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

ey to Statistical codes relating to Social Security Cases:

| ATURE OF SUIT CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

V-71 (8/99)                              CIVIL COVER SHEET                              Page 2 of 2

CV 08        1082        (PR)

EXHIBIT INDEX

1.) EXHIBIT "A" – JURY VERDICT _ FIRST DEGREE ATTEMPTED MURDER WITHOUT PREMEDI-
TATION ALLEGATION CONVICTION _ ONE (1) page.

2.) EXHIBIT "B" – ABSTRACT OF JUDGMENT CASE No. C-20837 - 2 (two) pages.

3.) EXHIBIT "C" – CALJIC 8.67 - 1 page & Record Transcript -RT- 1097-1100:1-
2 - 4 (four) pages.

4.) EXHIBIT "D" – HAVEAS PETITION DENIAL FROM: SAN MATEO SUPERIOR COURT CASE
No. SC 20837 - 2 pagaes; COURT OF APPEAL OF THE STATE OF
CALIFORNIA CASE NO. CO38968; IN THE SUPREME COURT OF THE
STATE OF CALIFORNIA CASE NO. S103744 - page.

5.) EXHIBIT "E" – CALJIC 8.66 - 1 page.

6.) EXHIBIT "F" – 1.) Copy of Hammer's Jury Verdict – with premeditation alle-
gation conviction -1 page.
2.) Copy of Kahn's Jury Verdict with premeditation allegation
conviction - 1 page.
3.) Copy of Faatiliga's Jury Verdict with premeditation
allegation conviction - 1 page.
4.) Copy of Smith's Jury Verdict with premdition allegation
conviction - 1 page.

7.) EXHIBIT "G" – Copy of Appeal's Affirmed on September 17, 1990 Wende Brief
- 8 pages.

8.) EXHIBIT "H" – Order Granting Habeas Corpus Case No. 99F06604 Superior
Court for the County of Sacramento 13 pages.

9.) EXHIBIT "I" – Cal. Court of Appeal Order February 27, 2007 Case No. 116465
Ordering Respondent Opposition for Writ of mandate.

10) EXHIBIT "J" – Respondent Opposition for Writ of Mandate

11) EXHIBIT "K" – Ist Appellate District Docket – Register of Action

12) EXHIBIT "L" – Court of Appeals April 20, 2007, Letter

13) EXHIBIT "M" – lst Appellate Court Denied Relief without reason on 3/23/07.

14) EXHIBIT "N" – California Supreme Court Denied Relief without reason on
July 26, 2007.  Case No. S153547

15) EXHIBIT "O" – United States Supreme Court Denied Review.  Case No. 07-
6191 on October 29, 2007.

ORIGINAL

EXHIBIT – A
JURY VERDICT

FILED

JUL 25 1989   347
WARREN SLOCUM, County Clerk
By _____
DEPUTY CLERK

JUL 26 1989

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

THE PEOPLE OF THE STATE OF CALIFORNIA )
                                       )         Dept. 7
                           Plaintiff,  )
·vs.                                   )         No. C~~20611~~
                                       )             20637
MANUEL ATIENZA WAGAN                   )
(AKA: MANUEL ATIANZA WAGAN),           )         VERDICT
                                       )
                           Defendant.  )
_____)

      WE, THE JURY IN THE ABOVE ENTITLED CAUSE, find the

defendant, MANUEL ATIENZA WAGAN (AKA: MANUEL ATIANZA WAGAN),

GUILTY, of the crime of attempted first degree murder in

violation of Penal Code section 664/187, as charged in Count I

of the Information.

      Dated:  7·25·89


                              _____
                                       FOREMAN

EXHIBIT - B

Abstract of Judgment and all
Petitioner's Jury verdict convictions

In the Superior Court of the State of California

in and for the County of __SAN MATEO__

# Abstract of Judgment

## Commitment to State Prison

FILED

SEP 1 8 1989

WARREN SLOCUM

ARNOLD S. CASTRO

By _____ DEPUTY CLERK

Dept. No. ____I____ Case No. ___C-20857__

The People of the State of California

vs.

__ANGEL ATIENZA MAGAN.__ _____ Defendant.

Present:

Hon. __ALLAN J. BOLLHOFFER__
Judge of the Superior Court

__ROBERT FOILES__
Prosecuting Attorney

__RICHARD KEYES__
Counsel for Defendant

This certifies that on the __14th__ day of __September__, 19 __89__, judgment of conviction of the above-named defendant was entered as follows:

(1) In Case No. __C-20857__ Count No. __1__ he was convicted by __Jury__ ; on his plea of __Not Guilty__
(court or jury)

------------------------------------------------------------------------------------
(guilty, not guilty, former conviction or acquittal, once in jeopardy, not guilty by reason of insanity)

of the crime of ____Attempted First Degree Murder____

------------------------------------------------------------------------------------
(designation of crime and degree if any, including fact that it constitutes a second subsequent conviction of same offense if that affects the sentence.)

in violation of ____Section 664/187 of the California Penal Code____
(reference to Code or Statute, including Section and Subsection thereof, if any violated)

with prior felony convictions as follows:

| DATE | COUNTY AND STATE | CRIME | DISPOSITION |
|------|------------------|-------|-------------|
|      |                  |       |             |
|      |                  |       |             |
|      |                  |       |             |
|      |                  |       |             |
|      |                  |       |             |
|      |                  |       |             |

Defendant has been held in jail custody for ___343___ days as a result of the same criminal act or acts for which he has been convicted. (562 actual days plus 181 days good time/work time)

Defendant __was not__ armed with a deadly weapon at the time or his commission of the offense or a concealed deadly weap-
(was or was not)

on at the time of his arrest within the meaning of Sections 969c and 3024 of the Penal Code.

Defendant __was__ armed with a deadly weapon at the time of his commission of the offense within the meaning of Sec-
(was or was not)

tion 969c and 12022 of the Penal Code.

Defendant __used__ a firearm in his commission of the offense within the meaning of Sections 969d and 12022.5 of
(used or did not use)

the Penal Code.

------------------------------------------------------------------------------------
(Repeat foregoing with respect to each count of which defendant was convicted.)

(was or was not) a habitual criminal in accordance with Subdivision (c) of that Section.
(is or is not)

Code; and the defendant <u>is not</u>

(3) IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the said defendant be punished by imprisonment in the State Prison of the State of California for the term provided by law, and that he be remanded to the Sheriff of the County of ...San Mateo............ and by him delivered to the Director of Corrections at the State of California at .........

<u>California State Prisons, San Quentin, CA</u>

It is ordered that sentences shall be served in respect to one another as follows (concurrently or consecutively as to each count):

<u>For Count 1 vs 664/187-First degree - life with Possibility of Parole.;</u>
<u>for 12022.7PC, an additional 2 years consecutive to Count 1;</u>
<u>for 12022.5PC, an additional 3 years consecutive to Count 1;</u>
<u>for Count 2 vs 245(a)(2)PC and 12022.7PC, sentences are stayed per 654</u>

and in respect to any prior incompleted sentence(s) as follows (concurrently or consecutively as to all incomplete sentences from other jurisdictions):

(4) To the Sheriff of the County of <u>San Mateo</u> and to the Director of Corrections at the

<u>California State Prisons, San Quentin, CA</u>,

pursuant to the aforesaid judgment, this is to command you, the said Sheriff, to deliver the above-named defendant into the custody of the Director of Corrections at <u>California State Prisons, San Quentin</u>, California, at your earliest convenience.

Witness my hand and seal of said court

this ___14th___ day of ___September, 1989___,

WARREN SLOCUM _____ Clerk.

by _____ Deputy

State of California, } ss.
County of San Mateo

I do hereby certify the foregoing to be a true and correct abstract of judgment duly made and entered on the minutes of the Superior Court in the above entitled action as provided by Penal Code Section 1213.

Attest my hand and seal of the said Superior Court this 14 day of September, 1989

WARREN SLOCUM by:
County Clerk and Ex-Officio Clerk of the Superior Court of California in and for the County of San Mateo

The Honorable ALLAN J. BOLLHOFFER
Judge of the Superior Court of the State of California, in and for the County of San Mateo

NOTE: If probation was granted in any sentence a minute order reciting the fact and imposing set which abstract of judgment is certified, attach or ordering a suspended sentence into effect.

EXHIBIT — C

1. CALJIC No. 8.67
2. RT- 1097 - MOD:1-2 — 4 pages.

8.67              ATTEMPT TO COMMIT MURDER--WILLFUL,                    282

TO CONSTITUTE WILLFUL, DELIBERATE, AND PREMEDITATED ATTEMPT TO COMMIT
R, THE WOULD-BE SLAYER MUST WEIGH AND CONSIDER THE QUESTION OF KILLING
HE REASONS FOR AND AGAINST SUCH A CHOICE AND, HAVING IN MIND THE
QUENCES, DECIDES TO KILL AND MAKES A DIRECT BUT INEFFECTUAL ACT TO
ANOTHER HUMAN BEING.

THE PEOPLE HAVE THE BURDEN OF PROVING THE TRUTH OF THIS ALLEGATION. IF
AVE A REASONABLE DOUBT THAT IT IS TRUE, YOU MUST FIND IT TO BE NOT TRUE.

YOU WILL INCLUDE A SPECIAL FINDING ON THAT QUESTION IN YOUR VERDICT,
; A FORM THAT WILL BE SUPPLIED FOR THAT PURPOSE.

1988)

1  DECLARES TO BE A CRIME, HE IS ACTING WITH GENERAL CRIMINAL

2  INTENT.  EVEN THOUGH HE MAY NOT KNOW THAT HIS ACT OR

3  CONDUCT IS UNLAWFUL.

4           HOMICIDE IS THE KILLING OF ONE HUMAN BEING BY

5  ANOTHER.  EITHER LAWFULLY OR UNLAWFULLY.  HOMICIDE INCLUDES

6  MURDER AND MANSLAUGHTER, WHICH ARE UNLAWFUL, AND THE ACT OF

7  JUSTIFIABLE HOMICIDE WHICH IS LAWFUL.

8           DEFENDANT IS ACCUSED IN COUNT I OF THE

9  INFORMATION OF HAVING COMMITTED THE CRIME OF ATTEMPT TO

10  COMMIT MURDER IN VIOLATION OF SECTIONS 664 AND 187 OF THE

11  PENAL CODE.

12           EVERY PERSON WHO ATTEMPTS TO MURDER ANOTHER HUMAN

13  BEING IS GUILTY OF A VIOLATION OF SECTIONS 664 AND 187 OF

14  THE PENAL CODE.

15           MURDER IS THE UNLAWFUL KILLING OF A HUMAN BEING

16  WITH MALICE AFORETHOUGHT.  IN ORDER TO PROVE SUCH CRIME,

17  EACH OF THE FOLLOWING ELEMENTS MUST BE PROVED.

18           1) A DIRECT BUT INEFFECTUAL ACT WAS DONE BY ONE

19  PERSON TOWARDS KILLING ANOTHER HUMAN BEING AND

20           2) THE PERSON COMMITTING SUCH ACT HARBORED

21  EXPRESS MALICE AFORETHOUGHT, NAMELY, A SPECIFIC INTENT TO

22  KILL UNLAWFULLY ANOTHER HUMAN BEING.

23           IN DETERMINING WHETHER OR NOT SUCH AN ACT WAS

24  DONE, IT IS NECESSARY TO DISTINGUISH BETWEEN MERE

25  PREPARATION ON THE ONE HAND AND THE ACTUAL COMMENCEMENT OF

26  THE DOING OF THE CRIMINAL DEED ON THE OTHER.  MERE

1    PREPARATION, WHICH MAY CONSIST OF PLANNING THE KILLING OR

2    OF DEVISING, OBTAINING OR ARRANGING THE MEANS FOR ITS

3    COMMISSION IS NOT SUCH TO CONSTITUTE AN ATTEMPT.

4            HOWEVER, ACTS OF A PERSON WHO INTENDS TO KILL

5    ANOTHER PERSON WILL CONSTITUTE AN ATTEMPT WHERE THOSE ACTS

6    CLEARLY INDICATE A CERTAIN UNAMBIGUOUS INTENT TO KILL.

7    SUCH ACTS MUST BE AN IMMEDIATE STEP IN THE PRESENT

8    EXECUTION OF THE KILLING,  THE PROGRESS OF WHICH WOULD BE

9    COMPLETED UNLESS INTERRUPTED BY SOME CIRCUMSTANCES NOT

10   INTENDED IN THE ORIGINAL DESIGN.

11          IT IS ALSO ALLEGED IN COUNT I OF THE INFORMATION

12   THAT THE CRIME ATTEMPTED WAS WILLFUL, DELIBERATE AND

13   PREMEDITATED MURDER.

14            IF YOU FIND THE DEFENDANT GUILTY OF ATTEMPT TO

15   COMMIT MURDER, YOU MUST DETERMINE WHETHER THIS ALLEGATION

16   IS TRUE OR NOT TRUE.

17            QUOTE, "WILLFUL," END QUOTE MEANS INTENTIONAL.

18            QUOTE, "DELIBERATE," END QUOTE MEANS FORMED OR

19   ARRIVED AT OR DETERMINED UPON AS A RESULT OF CAREFUL

20   THOUGHT AND WEIGHING OF CONSIDERATIONS FOR AND AGAINST THE

21   PROPOSED COURSE OF ACTION.

22          QUOTE, "PREMEDITATED," END QUOTE MEANS CONSIDERED

23   BEFOREHAND.  IF YOU FIND THAT THE ATTEMPT TO COMMIT MURDER

24   WAS PRECEDED AND ACCOMPANIED BY A CLEAR, DELIBERATE INTENT

25   TO KILL WHICH WAS THE RESULT OF DELIBERATION AND

26   PREMEDITATION, SO THAT IT MUST HAVE BEEN FORMED UPON

PREEXISTING REFLECTION AND NOT UNDER SUDDEN HEAT OF PASSION
OR OTHER CONDITION PRECLUDING THE IDEA OF DELIBERATION, IT
IS ATTEMPT TO COMMIT WILLFUL, DELIBERATE AND PREMEDITATED
MURDER.

THE LAW DOES NOT UNDERTAKE TO MEASURE IN UNITS OF
TIME THE LENGTH OF THE PERIOD DURING WHICH THE THOUGHT MUST
BE PONDERED BEFORE IT CAN RIPEN INTO AN INTENT TO KILL
WHICH IS TRULY DELIBERATE AND PREMEDITATED.  THE TIME WILL
VARY WITH DIFFERENT INDIVIDUALS AND UNDER VARYING
CIRCUMSTANCES.

THE TRUE TEST IS NOT THE DURATION OF TIME BUT
RATHER THE EXTENT OF THE REFLECTION.

A COLD, CALCULATED JUDGMENT AND DECISION MAY BE
ARRIVED AT IN A SHORT PERIOD OF TIME BUT A MERE
UNCONSIDERED AND RASH IMPULSE, EVEN THOUGH IT INCLUDES AN
INTENT TO KILL, IS NOT DELIBERATION AND PREMEDITATION.

TO CONSTITUTE WILLFUL, DELIBERATE AND
PREMEDITATED MURDER, ATTEMPT TO COMMIT MURDER, THE WOULD BE
SLAYER MUST WEIGH AND CONSIDER THE QUESTION OF KILLING AND
THE REASONS FOR AND AGAINST SUCH A CHOICE AND HAVING IN
MIND THE CONSEQUENCES BESIDES TO KILL AND MAKES A DIRECT
BUT INEFFECTUAL ACT TO KILL ANOTHER HUMAN BEING.

THE PEOPLE HAVE THE BURDEN OF PROVING THE TRUTH
OF THIS ALLEGATION.  IF YOU HAVE A REASONABLE DOUBT THAT IT
IS TRUE, YOU MUST FIND IT TO BE NOT TRUE.

YOU WILL INCLUDE A SPECIAL FINDING ON THAT

1    QUESTION IN YOUR VERDICT USING A FORM THAT WILL BE SUPPLIED

2    FOR THAT PURPOSE. ✳ ✳ ✳

3              ATTEMPTED MURDER OF THE SECOND DEGREE IS THE

4    ATTEMPTED UNLAWFUL KILLING OF A HUMAN BEING WITH EXPRESS

5    MALICE AFORETHOUGHT WHEN THERE'S MANIFESTED A SPECIFIC

6    INTENTION TO KILL UNLAWFULLY A HUMAN BEING, BUT THE

7    EVIDENCE IS INSUFFICIENT TO ESTABLISH DELIBERATION AND

8    PREMEDITATION.

9              THE CRIME OF ATTEMPTED VOLUNTARY MANSLAUGHTER IS

10   THE ATTEMPTED UNLAWFUL KILLING OF A HUMAN BEING WITHOUT

11   MALICE AFORETHOUGHT.

12             EVERY PERSON WHO ATTEMPTS UNLAWFULLY TO KILL

13   ANOTHER HUMAN BEING WITHOUT MALICE AFORETHOUGHT BUT WITH AN

14   INTENT TO KILL IS GUILTY OF ATTEMPTED VOLUNTARY

15   MANSLAUGHTER.

16             THERE IS NO MALICE AFORETHOUGHT IF THE ATTEMPTED

17   KILLING OCCURRED UPON A SUDDEN QUARREL OR HEAT OF PASSION

18   OR IN THE HONEST BUT UNREASONABLE BELIEF IN THE NECESSITY

19   TO DEFEND ONE'S SELF OR FAMILY AGAINST IMMINENT PERIL TO

20   LIFE OR GREAT BODILY INJURY.

             IN ORDER TO PROVE SUCH CRIME, EACH OF THE

FOLLOWING ELEMENTS MUST BE PROVED:

             1)  AN ATTEMPT WAS MADE TO KILL A HUMAN BEING.

             2)  THE ATTEMPTED KILLING WAS UNLAWFUL, AND;

             3)  THE ATTEMPTED KILLING WAS DONE WITH THE

INTENT TO KILL.

EXHIBIT # D
COPY OF HABEAS PETITION DENIAL SHEET

1.) San Mateo Superior Court Case No. SC 20837
    2 pages.

2.) California Court of Appeal Case no.C038968
    1 page.

3.) In the Supreme Court Of California Case no.
    S103744 - 1 page.

1

2

3

4

5

6

7

**FILED**
SAN MATEO COUNTY

JUN 1 3 2001

Clerk of the Superior Court
By _____
DEPUTY CLERK

8        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SAN MATEO

10

11    In re:                        )    Case No. SC 20837 A
                                     )              HC-1304
                                     )
12        MANUEL A. WAGAN            )    **ORDER OF DENIAL**
                                     )
13    On Habeas Corpus.              )
                                     )

14    _____

15    To:  Petitioner, Manuel A. Wagan.

16

17        The Court has received and reviewed the Petition for Writ

18    of Habeas Corpus of 'Petitioner, Manuel A. Wagan.  The petition

19    is hereby denied.

20

21                        **Introduction**

22

23        Petitioner filed several previous petitions for writ of

24    habeas corpus with this court.  All have been denied.

25        Petitioner makes no attempt to explain why his claims were

26    not brought out in an earlier petition.

27

28

1

**Discussion**

1

2

3   "Before considering the merits of a second or successive
4 petition, a California court will first ask whether the failure
5 to present the claims underlying the new petition in a prior
6 petition has been adequately explained, and whether that
7 explanation justifies the piecemeal presentation of the
8 petitioner's claims." *In Re Clark* (1993) 5 Cal. 4th 750, 774.
9   The claims contained in the instant petition could have
10 been brought out upon appeal or at the time of the earlier
11 petition.

12   "In this state a defendant is not permitted to try out his
13 contentions piecemeal by successive proceedings attacking the
14 validity of the judgment against him." *In re Clark* (1993) 5
15 Cal. 4th 750, 768 (citing *In re Connor* (1940) 16 Cal. 2d 701,
16 705).

17   Therefore the court will not grant the instant petition.

18

19   **Disposition**

20

21   The Petition for Writ of Habeas Corpus is therefore DENIED.

22

23

24       JUN 1 2 2001

25 DATED: _____

                          Stephen M. Hall
26                        Presiding Judge, Criminal

27

28

2

# Court of Appeal of the State of California

IN AND FOR THE

## THIRD APPELLATE DISTRICT

$$FILED$$

AUG - 9 2001

COURT OF APPEAL-THIRD DISTRICT
DEENA C. TRUJILLO, Clerk

BY_____

———————— Deputy

In re MANUEL A. WAGAN on Habeas Corpus.

C038968
Kings County
No.

BY THE COURT:

The petition for writ of habeas corpus is denied.

Dated: August 9, 2001

SCOTLAND, P.J.

-----------------------------

cc: See Mailing List

S103744

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

SUPREME COURT
F I L E D

MAY - 1 2002

In re MANUEL WAGAN on Habeas Corpus

Frederick K. Grillich Clerk

DEPUTY

Petition for writ of habeas corpus is DENIED. (See *In re Clark* (1993) 5 Cal.4th 750 ; *In re Miller* (1941) 17 Cal.2d 734.)

Chief Justice

EXHIBIT - B
CALJIC No.  8.66

ATTEMPT TO COMMIT MURDER

;6

FENDANT IS ACCUSED IN COUNT I OF THE INFORMATION OF HAVING

ED THE CRIME OF ATTEMPT TO COMMIT MURDER, IN VIOLATION OF SECTIONS

187 OF THE PENAL CODE,

ERY PERSON WHO ATTEMPTS TO MURDE       AN BEING IS GUILTY OF A

ON OF SECTIONS 664 AND 187 OF

DER IS THE UNLAWFUL KILLING OF A H       ALICE AFORETHOUGHT,

ORDER TO PROVE SUCH CRIME, EACH OF THE    LOWING ELEMENTS MUST BE

A DIRECT BUT INEFFECTUAL ACT WAS DONE BY ONE PERSON TOWARDS KILLING

HUMAN BEING; AND

THE PERSON COMMITTING SUCH ACT HARBORED EXPRESS MALICE AFORETHOUGHT,

A SPECIFIC INTENT TO KILL UNLAWFULLY ANOTHER HUMAN BEING.

DETERMINING WHETHER OR NOT SUCH AN ACT WAS DONE, IT IS NECESSARY TO

JISH BETWEEN MERE PREPARATION, ON THE ONE HAND, AND THE ACTUAL

EMENT OF THE DOING OF THE CRIMINAL DEED, ON THE OTHER. MERE PREP-

, WHICH MAY CONSIST OF PLANNING THE KILLING OR OF DEVISING, OBTAINING

NGING THE MEANS FOR ITS COMMISSION, IS NOT SUFFICIENT  TO CONSTITUTE AN

HOWEVER, ACTS OF A PERSON WHO INTENDS TO KILL ANOTHER PERSON WILL

TE AN ATTEMPT WHERE THOSE ACTS CLEARLY INDICATE A CERTAIN, UNAMBIGUOUS

O KILL. SUCH ACTS MUST BE AN IMMEDIATE STEP IN THE PRESENT EXECUTION

ILLING, THE PROGRESS OF WHICH WOULD BE COMPLETED UNLESS INTERRUPTED

CIRCUMSTANCES NOT INTENDED IN THE ORIGINAL DESIGN.

EXHIBIT *- F
I) Copy of Hammer's Jury Verdict

2) Copy of Kahn's Jury Verdict
3.) Copy of Faatiliga's Jury Verdict.
4) Copy of Smith's Jury Verdict.

## In the Superior Court of the State of California
### In and For the County of Sacramento

DEC 20 1996

Clerk

The People of the State of California

vs.

CASE NUMBER 96F03016

DEPT. NUMBER    10

JEREMIAH GENE RAMMER

COUNT ONE

We, the Jury in the above entitled cause, find the Defendant, JEREMIAH GENE HAMMER, GUILTY of the crime of violation of Section 664/187(a) of the Penal Code of the State of California (ATTEMPTED MURDER) as charged in Count One of the Information.

We, the Jury in the above entitled cause, find that Defendant, JEREMIAH GENE HAMMER, DID ✓ DID NOT _____ commit this crime willfully and with premeditation and deliberation.

We, the Jury in the above entitled cause, find the allegation that in the commission and attempted commision of the above offense(s), the Defendant, JEREMIAH GENE HAMMER, personally used a deadly and dangerous weapon, to wit, a knife, said use not being an element of the above offense, within the meaning of Penal Code Section 12022(b) to be

TRUE ✓ NOT TRUE _____

We, the Jury in the above entitled cause, find the allegation that in the commission of the above offenses(s), the said defendant, JEREMIAH GENE HAMMER, personally inflicted great bodily injury upon LAKISHA OATES, not an accomplice to the above offense, within the meaning of Penal Code Section 12022.7 to be

TRUE ✓ NOT TRUE _____

DATED: 12/20/96 .

FOREMAN

142

CR 19

109

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES    **DEPT.** SCJ

8-7-91

| | | | |
|---|---|---|---|
| HONORABLE: | GARY HAHN M. SMITH | JUDGE Deputy Sheriff | T. DOYLE P. HARRIS    Deputy Clerk Reporter |

TA011638    (Parties and counsel checked if present)

PEOPLE OF THE STATE OF CALIFORNIA
    VS
01  KAHN ANTOINE REGINALD
    664/187.A 01 CT 246 01 CT

Counsel for People:
DEPUTY DISTRICT ATTY: D. COLE
        BY M. SANTOS
Counsel for Defendant:
      J. WEIL DPD

NATURE OF PROCEEDINGS    JURY TRIAL    REMANDED    3-27-91

Jury deliberations resume from August 6, 1991 with all parties
present as heretofore.

At 9:45 a.m., the Jury reaches a verdict.  The Court orders the
verdict sealed until 1:45 p.m.  At 1:45 p.m., the Jury returns
into the court with the following verdicts:

         "TITLE OF COURT AND CAUSE"
"We the Jury in the above entitled action, find the Defendant,
ANTOINE KAHN, guilty of the crime of ATTEMPTED MURDER, in vio-
lation of PENAL CODE SECTION 664/187(a), a Felony, as charged in
Count 1.
We further find that the crime attempted was willful, deliberate,
and premeditated attempted murder.  TRUE.
We further find that in the commission and the attempted commission
of the above offense, the said defendant, ANTOINE KAHN, personally
used a firearm within the meaning of Penal Code Sections
1203.06(a)(1) and 12022.5. TRUE.
This 7th day of August 1991, Neil W. Marshall, Foreman."

         "TITLE OF COURT AND CAUSE"
"We the Jury in the above-entitled action, find the Defendant,
ANTOINE KAHN, guilty of the crime of SHOOTING AT AN INHABITED
DWELLING, in violation of PENAL CODE SECTION 246, a Felony, as
charged in Count 2.
This 5th day of August 1991, Neil W. Marshall, Foreman."

The verdict is read.  The Jury is polled.  All jurors answer in the
affirmative.  The verdict is recorded; re-reading as recorded is
waived.  The Jury is thanked and discharged.  Instructions given
and all verdict forms submitted to the jury are filed.

The defendant is referred to the Probation Department.  Probation
and sentence is set for September 6, 1991 at 8:30 a.m. in this
department.

Due to the Exhibit Custodian policy, People's exhibit 6(lab en-
velope containg 6 vials from gun residue  tests) are returned to
the People.  Deputy District Attorney, M. Santos accepting on
behalf of her office.

| MINUTES ENTERED |
|---|
| 8-7-91 COUNTY CLERK |

11, 27, 57    REMANDED
    MINUTE ORDER

# In the Superior Court of the State of California

## IN AND FOR THE COUNTY OF SAN DIEGO

0063

F. I L E D
KENNETH E. MARTONE
Clerk of the Superior Court

THE PEOPLE OF THE STATE OF CALIFORNIA,

                                        Plaintiff,

                    vs.

TAELIENIU FAATILIGA

                                        Defendant(s)

Department D

FEB 1 4 1996

No. SCN027539
P64850

By: M. KROONA, Deputy

# VERDICT

We, the jury in the above entitled cause, find the defendant, TAELIENIU FAATILIGA,

_____Guilty_____ of the crime of ATTEMPTED MURDER, in violation of Penal
GUILTY / NOT GUILTY

Code section 664\187(a), as charged in Count One of the Information.

We, the jury further find it _____True_____ that the above offense was will-
TRUE / NOT TRUE

full, deliberate, and premeditated, within the meaning of Penal code section 189.

We, the jury further find that in the commission of the above offense the defendant

_____Did_____ personally use a firearm, to wit: a semi-automatic handgun, within the
DID / DID NOT

meaning of Penal Code section 12022.5(a).

We, the jury further find that in the commission of the above offense the defendant, with the

intent to inflict such injury _____Did_____ personally inflict great bodily injury upon
DID / DID NOT

another, not an accomplice, within the meaning of Penal Code section 12022.7(a).

Dated_____2.16.96_____

Presiding foremans
name is
redacted.

VERDICT

CG279

**DEPT.** 104

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| Date: | APRIL 2⅚ 1991 | | G. JOHNSON | |
|---|---|---|---|---|
| HONORABLE: | GEORGE TRAMMELL | JUDGE | P. CUNEO/A.PAUL | Deputy Clerk |
| | S. PIEL | Deputy Sheriff | | Reporter |

SA002825

**(Parties and counsel checked if present)**

PEOPLE OF THE STATE OF CALIFORNIA
            VS
01 SMITH GAYLORD ✓
02 SUMLIN, KRISS ERIC ✓
211 06CTS 664/187.A 01CT 664/211 01CT

Counsel for People:
DEPUTY DISTRICT ATTY:     D. MYERS DDA ✓

Counsel for Defendant:     M. ZIMBERT PVT. ✓
                    V. SOLERNO PVT. ✓

NATURE OF PROCEEDINGS

JURY TRIAL   -   REM

4-27-90  (01)
8-17-90  (02)

"TITLE OF COURT AND CAUSE"

We, the Jury in the above-entitled action, find the Defendant GAYLORD RICKY SMITH

guilty of the crime of ATTEMPTED MURDER, in violation of Penal Code Section 664/187(a),

a Felony, as charged in Count 8 of the information.

We further find the allegation that the Attempted Murder was Willful, Deliberate, and

Premeditated to be _____*TRUE*_____.
         (TRUE) OR (NOT TRUE)

We further find the allegation that in the commission and attempted commission of the

above offense, the said defendant, GAYLORD RICKY SMITH personally used a firearm within

the meaning of Penal Code Sections 1203.06(a)(1) and 12022.5 to be
_____*TRUE*_____.
(TRUE) OR (NOT TRUE)

We further find the allegation that in the commission of the above offense, said defendant

GAYLORD RICKY SMITH, with intent to inflict such injury, personally inflicted great bodily

injury upon Carroll Adams, within the meaning of Penal Code Section 12022.7 to be
_____*TRUE*_____.
(TRUE) OR (NOT TRUE)

THIS 25TH DAY OF APRIL 1991, DAVID MORABITO, FOREPERSON

MINUTES ENTERED
4 -26 91
COUNTY CLERK

EXHIBIT A 51

EXHIBIT - G

*§ page* — Copy of Appeal's Affirmed on September I7, I990

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

### DIVISION TWO



SEP 17 1990

Court of Appeal - First App. Dist.
RON D. BARROW

By _____
                    DEPUTY

THE PEOPLE,

    Plaintiff and Respondent,

    v.

MANUEL ATIENZA WAGAH,

    Defendant and Appellant.

A047288

(Super. Ct. No. C-20837
San Mateo County).

---

    Appellant's counsel has filed an opening brief in which he raises no issues and asks this court for an independent review of the record as required by People v. Wende (1979) 25 Cal.3d 436.

    Appellant was charged with attempted first degree murder (Pen. Code, §§ 664/187),[1] and assault with a deadly weapon (§ 245, subd. (a)(2)). It was further alleged that appellant used a firearm and inflicted great bodily injury (sentencing enhancements pursuant to §§ 12022.5, 12022.7) in the commission of both offenses. The jury found appellant guilty as charged and found all the enhancements to be true. The court sentenced appellant to life imprisonment for attempted murder, and enhanced the sentence by two years for

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

use of the firearm (§ 12022.5), and by three years for the infliction of great bodily injury (§ 12022.7). Sentence on the second offense was stayed pursuant to section 654. The court granted appellant 543 days total presentence credit and ordered him to pay a $500 restitution fine.

In September of 1988, appellant and his family and Wallace Garrett and his family were neighbors living across the hall from one another on the upstairs floor of a fourplex at 879 Bellevue in Daly City. The two families had previously gotten along. On September 7, 1988, Garrett received a call from his wife asking him to come home. Mrs. Garrett stated that appellant and Mrs. Wagan had angrily ordered Mrs. Garrett to move her car from a parking space in the building's garage. When Mr. Garrett returned home he was confronted by Mrs. Wagan, who screamed racial epithets and spat at him. Mr. and Mrs. Garrett discussed the incident and decided to call the police, because once before Mr. Garrett had been wrongly accused of assault by a woman with whom he had a verbal altercation. That same day the Garretts were getting into their car when Mr. Garrett saw appellant. Mr. Garrett decided to speak to appellant and smooth things out. Appellant became agitated and said he was going to sue Mr. Garrett. The next day the Garretts noticed new scratches on their vehicle. Mr. Garrett did not have any further arguments with the Wagans until the day of the incident.

On September 18, Mr. Garrett went downstairs to speak to a friend. Because he left his apartment without his keys,

-2-

Mr. Garrett-left a locking security gate to the apartment building open. Appellant came home and went up the stairs, closing the security gate. Mr. Garrett asked appellant to open the gate, explaining that he had no keys. Appellant shouted "Fuck you" and walked upstairs. Mr. Garrett was forced to yell up to his wife to drop his house keys out their apartment window.

Mr. Garrett eventually walked upstairs to his apartment and was about to go in when he heard "Hey, asshole" shouted from behind. He turned and saw appellant standing in the crack of appellant's partially opened apartment door. Mr. Garrett yelled back "You're an asshole." Appellant opened his door and pointed a silver pistol at Mr. Garrett. Mr. Garrett fled down the stairs. Before he could make the first landing, appellant shot him in the right leg. Mr. Garrett continued down the stairs and attempted to get away through the garage door. He turned to see where appellant was, and was shot by appellant in the face or neck. Mr. Garrett was able to run out the building gate and down the street to the next apartment complex. He tried but could not open the complex's security gate. When he turned around, appellant was standing in front of him. Appellant shot him in the lower abdomen and Mr. Garrett stumbled to the ground. Appellant stood over him and said, "I'm gonna kill you nigger." Appellant then shot Mr. Garrett at least twice more. Mr. Garrett remembered that appellant then left briefly, returned, and shot him again. In all, Mr. Garrett was shot eight times; once in each thigh, once

-3-

in the left hand which fractured his wrist, the left elbow, the left side of the neck, the cheek which fractured his jaw, the lower abdomen and the head. The bullet to the head lodged just under the scalp and caused the brain to swell. Mr. Garrett underwent surgery and remained in hospital for two and one-half weeks. At the time of trial, Mr. Garrett had not yet returned to work and was having problems walking.

The prosecution called six neighbors who witnessed the shooting. They all saw appellant shooting an unarmed Mr. Garrett at point blank range. Two neighbors heard appellant yell that he was going to kill Mr. Garrett. Several neighbors verified that at one point appellant left the wounded victim lying on the ground, then returned and shot him again.

Appellant was arrested as he drove away from the scene. Police officers found a .45 caliber pistol and a loaded clip for the weapon in the center console of appellant's car. Another fully loaded magazine for the pistol was found in appellant's front pocket. The shells and the bullet fragments found at the scene were found to have been fired from the pistol recovered from appellant's vehicle.

## Defense Case

Edna Wagan, appellant's wife, began to have run ins with Mr. Garrett a few weeks before the incident, when appellant was working in Los Angeles. Mrs. Wagan had borrowed her sister-in-law's car and had parked it in the apartment building's garage. Mr. Garrett drove into the garage abruptly and almost killed Mrs. Wagan. He shouted, "Don't ever park

-4-

this car, damn fucking car here." About an hour later Mrs. Wagan returned to her sister-in-law's vehicle and saw that it had a flat tire. Mrs. Wagan called Los Angeles and reported the incident to her husband.

On September 7, Mrs. Wagan saw one of the Garrett's cars parked in her designated space. She asked Mrs. Garrett to move the car. Mrs. Garrett stated that the car belonged to her husband and that she didn't want to move it. Appellant, who had recently returned from Los Angeles, then went to Mrs. Garrett and asked her to please have her husband move the car as soon as he returned home. Later that afternoon, Mrs. Wagan's grandfather came by the apartments. Mr. Garrett drove up to the building and was impeded from entering the garage by the grandfather's car. While Mrs. Wagan stood by her grandfather's vehicle talking to him, Mr. Garrett walked up and screamed, "Move your damn fucking car." Mr. Garrett grabbed Mrs. Wagan near the jaw and she screamed. Mrs. Wagan walked up the stairs to her apartment with Mr. Garrett following her. Mr. Garrett barged into the Wagan's apartment and grabbed Mrs. Wagan by the throat. While he was choking her, he yelled, "Where's your damn fucking husband." Mr. Garrett shook Mrs. Wagan and threw her down. He then left the apartment. Mrs. Wagan yelled at Mr. Garrett that she would report the incident to the police and sue him. She then reported the entire incident to her husband.

The next day, Mrs. Wagan saw Mr. Garrett in the apartment building's laundry room. He told her, "You little

Flip.  You put yourself into trouble and you gonna be dead meat.  You're fucking Flip."  Mrs. Wagan was so frightened she took her baby and fled to a neighbor's home.  There she called 911 and reported the incident.  She also called her husband and he, too, called the police.  When appellant returned home that day, Mr. Garrett accosted him and said, "I can do anything to you, to your family."

The day after the incident in which Mr. Garrett burst into the Wagan's apartment, appellant gave his wife a .45 caliber pistol, which normally he kept in the bedroom. Appellant felt his wife was near to having a nervous breakdown because of Mr. Garrett's threats.

On September 18, Mrs. Wagan drove her husband home from his work.  Mrs. Wagan told appellant that the pistol was in the glove compartment.  When the couple arrived home, appellant gathered the gun and two clips from the glove compartment along with the couple's baby and the baby's belongings.  Appellant started toward the building's stairs, when he noticed a car with someone inside waiving a fist at him.  Appellant recognized Mr. Garrett sitting next to a large Black male, whom he did not recognize.  Appellant rushed through the security gate and closed it behind him.  Mr. Garrett yelled, "You mother fucking asshole.  You fucking Flip open the door."  Appellant and his family ran into the building and appellant heard Mr. Garrett scream, "You're dead.  You wait for me there."  Appellant was terrified and rushed his family into their apartment.  Appellant's family sat down to dinner

-6-

and appellant put the pistol and two clips down on the dining
table. The family had just begun to eat, when Mr. Garrett
started pounding in the apartment's door. He yelled, "You're
dead, mother fucking Flip." Appellant had no phone to call for
help and became more terrified. Without thinking, appellant
picked up the gun and opened the door. Mr. Garrett seemed to
be moving toward the interior of the Wagan's apartment.
Appellant instinctively fired the pistol. Mr. Garrett ran down
the stairs and appellant fired again. Appellant ran down the
stairs and saw that the garage was open. He was terrified of
Mr. Garrett and was unsure if the other man he had seen
previously with Mr. Garrett in the car was lurking there in the
dark. Suddenly, Mr. Garrett moved right in front of
appellant. Without realizing what he was doing, appellant shot
Mr. Garrett several times. Mr. Garrett fell to the ground and
appellant stopped firing. He went back to his apartment and
realized he had to notify the authorities. He decided to go to
his sister's home. Appellant took out the empty clip from the
pistol and reloaded with a full clip. He then went
downstairs. When he got to the garage, he saw Mr. Garrett
rising from the pavement. Again, he instinctively fired.
Appellant then got into his car and was driving to get help
when he was stopped by the police.

Substantial evidence supports the jury's verdict.

The jury was properly instructed.

There was no error in the sentencing process or in the
sentence.

-7-

There are no arguable issues which require further briefing.

The judgment is affirmed.

_____
Benson, J.

We concur:

_____
Kline, P.J.

_____
Smith, J.

8.)  EXHIBIT "H" – Order Granting Habeas Corpus Case No. 99F06604
                  Superior Court County of Sacramento



SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SACRAMENTO

In re                                    No. 99F06604  Dept.  16

THOMAS SIMS,                             ORDER GRANTING HABEAS CORPUS
                                         April 10, 2000
On Habeas Corpus.

TO:   WARDEN GAIL LEWIS, PLEASANT VALLEY STATE PRISON;
      JAMES NIELSEN, CHAIRMAN OF THE BOARD OF PRISON TERMS;
      THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA;
      RICHARD DUDEK, ATTORNEY FOR PETITIONER

      The above-named person, an inmate at Pleasant Valley State
Prison, Coalinga, California, filed a petition for writ of habeas
corpus in this court on August 16, 1999, seeking declaratory
relief that 15 Cal. Code Reg. §§ 2400-2411 are invalid insofar as
they refer to "attempted first degree murder," a noncrime in
California.

      As will be discussed below, the court has concluded that
petitioner is entitled to the relief sought.

1  Penal Code § 664, if a defendant is convicted of attempt to
2  commit a willful, deliberate, and premeditated murder as defined
3  in Penal Code § 189, the sentence is life with parole.  The BPT
4  explained that an attempted murder that is willful, deliberate,
5  and premeditated, had it been completed, would have constituted
6  first degree murder, and that the BPT applies the matrix of first
7  degree murders to attempted murders that were willful,
8  deliberate, and premeditated.  The BPT noted that Bright held
9  that attempted murder may not be divided into degrees, but that
10
11  this does not affect the regulations.
12
13  **THE PETITION**
14      Petitioner then filed the instant petition, in which he
15  claims that the regulations should be changed.
16      Penal Code § 664 provides for punishment for attempted
17  murder, as follows:
18      (1) Attempted murder -- five, seven, or nine years.
19      (2) Attempted murder that is willful, deliberate, or
20  premeditated -- life with parole (meaning 7 years to life).
21      (3) Attempted murder of a peace officer or firefighter --
22  life with parole (meaning 7 years to life).
23
24      (4) Attempted murder of a peace officer or firefighter that
25  was also willful, deliberate, and premeditated -- 15 years to
26  life.
27      In Bright, the California Supreme Court clearly held that
28  there is no such crime as "attempted first degree murder."

3

1  challenge their validity. His petition for writ of habeas corpus

2  is construed, then, to be a challenge to their validity (see In

3  re Davis (1979) 25 Cal.3d 384 [habeas corpus is proper for

4  obtaining declaratory relief].

5      Further, this is an important issue that affects a large

6  number of prisoners. For this reason, habeas corpus appears to

7  be a proper avenue.

8

9

10  **ORDER TO SHOW CAUSE**

11      An order to show cause was issued by Judge Tochterman on

12  September 15, 1999, requiring the parties to address the

13  following issues:

14      (1)  The validity of the term "attempted first degree

15  murders" in 15 Cal. Code Reg. §§ 2400-2411, in light of the

16  California Supreme Court decision in People v. Bright (1996) 12

17  Cal.4th 652.

18      (2) The differences in punishment under Penal Code § 664 for

19  attempted murder, attempted murder that is willful, deliberate,

20  and premeditated, attempted murder of a peace officer or

21  firefighter, and attempted murder of a peace officer or

22  firefighter that is willful, deliberate, and premeditated, and

23  whether persons convicted of any such crimes are currently

24  subject to 15 Cal. Code Reg. §§ 2400-2411.

25      Upon request of petitioner, Richard Dudek was appointed

26  counsel for petitioner on November 8, 1999.

27

28

1  term, (2) attempted willful, deliberate, and premeditated murder

2  is punishable by life imprisonment with possibility of parole,

3  (3) attempted murder of a peace officer or a firefighter is

4  punishable by life imprisonment with possibility of parole, and

5  (4) attempted murder of a peace officer or a firefighter, when

6  willful, deliberate, and premeditated, is punishable by 15 years

7  to life in prison.

8      Respondent claims that 15 Cal. Code Reg. §§ 2400-2411 apply

9  to prisoners sentenced to "attempted first degree murders" when

10 the defendant is sentenced to life under Penal Code § 664, which

11 would include all persons convicted of attempted premeditated

12 murder, attempted murder of a peace officer or firefighter, and

13

14 attempted premeditated murder of a peace officer or firefighter.

15

16 **TRAVERSE**

17      Petitioner filed his traverse on March 10, 2000.

18      Petitioner reiterates his claim that the BPT must eliminate

19 its use of the term "attempted first degree murder."

20      Petitioner urges the court to reject respondent's

21 characterization of the use of "attempted first degree murder" in

22 the regulations as a "shorthand reference." Petitioner claims

23 that the mention of "shorthand reference" in Bright was mer

24 dicta contained in a footnote in that opinion as a rebuttal t

25 the dissent in that case. Rather, petitioner maintains, 15 Cal

26 Code Reg. §§ 2400-2411 should be seen as being in actual conflic

27 with the intent of the Legislature and with the holding

28

7

1 of interpretation that would allow a "shorthand reference" to be
2 a part of a regulation. Indeed, respondent cites none in support
3 of such a theory.

4     Petitioner maintains that "attempted first degree murder"
5 refers to a noncrime, and does not refer to attempted murder that
6 was willful, deliberate, and premeditated, or any other kind of
7 attempted murder. Therefore, according to petitioner, 15 Cal.
8 Code Reg. §§ 2400-2411 also refer to a noncrime, and do not cover
9 attempted murders that are willful, deliberate, and premeditated.
10     Petitioner also makes further argument about what the
11 categories should be in the regulations, for attempted murder
12 that is willful, deliberate, and premeditated. That, however, is
13 beyond the scope of this petition. Rather, this petition attacks
14 only the usage of the term "attempted first degree murder" in the
15 regulations. If this court declares that the term applies to a
16 noncrime, and that the regulations need to be amended to reflect
17 Bright, it is up to the BPT and not this court to promulgate
18 amendments to the regulations that would reflect Bright.
19 
20 

21 NEED FOR EVIDENTIARY HEARING
22     There are no material issues of fact in controversy in this
23 case. Nor is there any reason to require petitioner's presence
24 at a hearing on this matter. Therefore, there is no need for an
25 evidentiary hearing, and the court may simply issue an opinion
26 deciding this case within 30 days of the filing of the traverse
27 (see Cal. Rules of Ct., Rule 260(c)). The court, therefore, is
28 

9

1   case.

2   Respondent's argument of a "shorthand reference" is also
3   untenable because the use of "attempted first degree murder,"
4   even if it did refer to a crime, does not refer to all attempted
5   murders that are punishable by life in prison.  This is because
6   "attempted murder of a peace officer or firefighter" is not
7   necessarily "attempted first degree murder", as respondent
8   defines that term.  Respondent argues that "attempted first
9   degree murder" is shorthand for attempted willful, deliberate,
10  and premeditated murder, which attempted murder of a peace
11  officer or firefighter is not.  In addition, murder of a peace
12  officer or a firefighter is not necessarily first degree murder;
13
14  rather, the crime could be of either the first or the second
15  degree (see, e.g., Penal Code § 190 [providing for punishment for
16  certain second degree murders of a peace officer]).  Thus,
17  "attempted murder of a peace officer or firefighter" does not
18  refer to any matter that would indicate an element associated
19  specifically with first degree murder, the way that the words
20  "willful, deliberate, and premeditated" would otherwise invoke.
21  Respondent's theory is faulty, then, in that "attempted murder of
22  a peace officer or firefighter" would not appear to be included
23  in the "shorthand reference" to "attempted first degree murders,"
24  and would not appear at this time to be included in 15 Cal. Code
25  Reg. §§ 2400-2411, even if respondent's theory that the
26  "shorthand reference" to "attempted first degree murder" remains
27
28  valid in those regulations.

11

1  first degree murder," which is not a crime in California.

2

3

4     DATED: 4-7-00                    *Michael G. Virga signature*

5                                      ─────────────────────────────
                                       JUDGE OF THE SUPERIOR COURT
6                                         MICHAEL G. VIRGA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

9.)  EXHIBIT "I" - Cal. Court of Appeal Ist District Order 2/27/07
     Case No. 116465 - Order Respondent Opposition
     for Writ of Mandate



STATE OF CALIFORNIA

# Court of Appeal

OFFICE OF THE CLERK
FIRST APPELLATE DISTRICT
350 McALLISTER STREET
SAN FRANCISCO, CA 94102-4712

DIANA HERBERT
CLERK/ADMINISTRATOR

TELEPHONE
(415) 865-7200
FAX
(415) 865-7209
E-MAIL
first.district@jud.ca.gov

February 27, 2007

Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

> Re:   A116465; Manuel A. Wagan v. Superior Court
>        (The People, Real Party in Interest)

Dear Counsel:

The People of the State of California are named as real party in interest to the
above-captioned writ petition, which has been assigned to Division Two of this court.
The court asks that you serve and file points and authorities in opposition to the petition
within **10 days** from the date of this letter. The opposition should address all issues
raised in the petition. The court has obtained the record on appeal and has confirmed that
the verdict forms do not contain a finding that the attempted murder was willful,
deliberate, and premeditated.

Take note that if circumstances warrant, the court may issue a peremptory writ in
the first instance. (See Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.,*
(1984) 36 Cal.3d 171.)

Please direct inquiries to Stacy Wheeler or Imelda Santos, Deputy Clerks at (415)
865-7292.

Very truly yours,
DIANA HERBERT, CLERK

by:   **STACY WHEELER**
Deputy Clerk

cc:    Manuel A. Wagan

10.)  EXHIBIT "J" - Respondent Opposition for Writ of Mandate



*EDMUND G. BROWN JR.*
· *Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-1342
Facsimile: (415) 703-1234

Received 3/13/07
2:30 pm.

March 8, 2007

Ms. Diana Herbert
Clerk, California Court of Appeal
First Appellate District, Division Two
350 McAllister Street
San Francisco, CA 94102

RE:    *Manuel A. Wagan v. Superior Court* (A116465)
       San Mateo County Superior Court No. C-20837
       Opposition To Petition For Writ Of Mandate

Dear Ms. Herbert:

Real party in interest hereby opposes the petition for writ of mandate,
as requested by this Court's order of February 27, 2007.

On December 14, 1988, the District Attorney of San Mateo County
filed an information charging petitioner Manuel A. Wagan with one count of
attempted murder, in violation of Penal Code sections 187 and 664. Count 1
specifically alleged that petitioner "did wilfully, unlawfully and feloniously,
deliberately and with premeditation and with malice aforethought, attempt to
murder WALLACE GARRETT, a human being." (1 CT 5.) The information
further charged one count of aggravated assault, in violation of Penal Code
section 245, subdivision (a). (1 CT 6.) A jury convicted petitioner of
"attempted first degree murder" and aggravated assault. (2 CT 347-350.) The
trial court sentenced petitioner to state prison for a five-year determinate term
and a consecutive life term. (2 CT 413-414.)

On January 9, 2007, petitioner filed the instant pleading seeking writ of mandate. He claims that the respondent superior court "purported to imposed an illegal life sentence with the possibility of parole under subdivision (a) without convicting petitioner of premeditated attempted murder as required mandatorilly by Cal. PC section 664(a)." (Petn. at p. 4.) "Petitioner was never convicted or never admitted guilty of premeditated attempted murder under PC 664(a) and CALJIC 8.67, so, petitioner sentence is illegal." (Petn. at p. 6.) On February 27, 2007, this Court requested that real party in interest to file opposition.

As a preliminary matter, real party in interest notes that mandate does not lie because petitioner does not challenge a ruling of the superior court. More importantly, petitioner's precise claim has already been considered and rejected by the California Supreme Court, with citations to *In re Clark* (1993) 5 Cal.4th 750 and *In re Miller* (1941) 17 Cal.2d 734. (Real Party's Exhibit A.) It is therefore inappropriate for this Court to grant relief by means of peremptory writ on this repetitive petition. (*Hagan v. Superior Court* (1962) 57 Cal.2d 767.)

Considered on the merits, the petition has none. As relevant here, Penal Code section 664, subdivision (a), provides that a defendant convicted of attempted murder is subject to a sentence of life with the possibility of parole if the jury finds that the attempted murder was "willful, deliberate, and premeditated murder, as defined in section 189." (See also *People v. Bright* (1996) 12 Cal.4th 652, 665.) Unless the jury finds this premeditation allegation to be true, a defendant convicted of attempted murder is subject to a determinate sentence of five, seven, or nine years. (Pen. Code, § 664(a).)

"Like first degree murder, attempted first degree murder requires a finding of premeditation and deliberation." (*People v. Villegas* (2001) 92 Cal.App.4th 1217, 1223.) Here, the trial court instructed the jury on willful, deliberate, and premeditated attempted murder, pursuant to CALJIC No. 8.67. (2 CT 281.) The court also instructed the jury on unpremeditated, second degree murder (CALJIC No. 8.30), and gave verdict forms for "attempted second degree murder." (2 CT 283, 358.) The jury rejected the attempted second degree murder finding, having been instructed that it must unanimously ascertain the degree of the attempted murder. (2 CT 267.) Instead, the jury convicted petitioner of "**attempted first degree murder**," as

stated on the verdict form. (2 CT 347.) Thus, the jury necessarily determined that petitioner's offense was willful, deliberate, and premeditated.

The Court should accordingly deny this repetitious and frivolous petition.

Respectfully submitted,

DORIAN JUNG
Deputy Attorney General
[State Bar No. 200116]

For EDMUND G. BROWN JR.
Attorney General

11.)  EXHIBIT "K" - Ist Appe llate District Docket - Register of
         Action

# CALIFORNIA APPELLATE COURTS

Case Information

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
home

## 1st Appellate District

Change court

Court data last updated: 04/20/2007 11:05 AM

**Case Summary   Docket   Scheduled Actions   Briefs**
**Disposition   Parties and Attorneys   Trial Court**

## Docket (Register of Actions)

**Wagan v. Superior Court San Mateo**
**Division 2**
**Case Number A116465**

| Date | Description | Notes |
|---|---|---|
| 01/19/2007 | Filed petition for writ of: | |
| 01/19/2007 | Request filed to: | appointment of counsel; |
| 02/27/2007 | Opposition requested. | 10 days |
| 03/02/2007 | Filed document entitled: | Petitioner Wagan's "Lodging Proof of Service of Petition for Writ of Mandate/Prohibition" |
| 03/08/2007 | Motion filed. | Petitioner Wagan's Motion for Appointment of Counsel and Declaration of Indigency. |
| 03/09/2007 | Opposition filed. | |
| 03/22/2007 | Reply filed to: | |
| 03/23/2007 | Order denying petition filed. | The petition for writ of mandate/request for counsel is denied. |
| 03/23/2007 | Case complete. | |

**Click here to request automatic e-mail notifications about this case.**

© 2004 Judicial Council of California

# CALIFORNIA APPELLATE COURTS

Case Information



Welcome

Search

E-mail

Calendar

Help

Opinions

## 1st Appellate District

Change court

Court data last updated: 04/20/2007 11:05 AM

**Case Summary    Docket    Scheduled Actions    Briefs**
**Disposition    Parties and Attorneys    Trial Court**

## Parties and Attorneys



**Wagan v. Superior Court San Mateo**
**Division 2**
**Case Number A116465**

| Party | Attorney |
|-------|----------|
| Wagan, Manuel A. : Petitioner<br>P.O. Box 9<br>530-2-23UP<br>Avenal, CA 93204 | Pro Per |
| Superior Court San Mateo : Respondent | |
| Caif. Atty General : Real Party in Interest | Office of the Attorney General<br>455 Golden Gate Avenue - Suite 1100<br>San Francisco, CA 94102 |

**Click here to request automatic e-mail notifications about this case.**

© 2004 Judicial Council of California

12.) EXHIBIT ""L" - Ist Appellate District Court of Appeal
     April 20, 2007, Letter



STATE OF CALIFORNIA

**Court of Appeal**

OFFICE OF THE CLERK
FIRST APPELLATE DISTRICT
350 McALLISTER STREET
SAN FRANCISCO, CA 94102-4712

TELEPHONE
(415) 865-7200
FAX
(415) 865-7209
E-MAIL
first.district@jud.ca.gov

DIANA HERBERT
CLERK/ADMINISTRATOR

April 20, 2007

Manuel A. Wagan
E-30055, 530-2-23U
P.O. Box 9
Avenal, CA 93204

RE: A116465 (Manuel A. Wagan v. Superior Court of San Mateo County)

Dear Mr. Wagan:

This letter is in response to your letter dated April 12, 2007, requesting clarification of the March 27, 2007 denial order in your writ proceeding. Specifically, you asked if the denial order was denying the entire writ petition or just your request for appointed counsel, and if the order was this Court's final decision. You also asked that if the denial order was final that your April 12, 2007 letter be considered a notice of rehearing of final judgment.

The March 23, 2007 order denied your writ petition as well as your request for appointed counsel. Since this was a writ proceeding, the denial order was this court's final decision and this court's jurisdiction ended as of the date the order issued.

Sincerely,

Stacy Wheeler
Deputy Clerk

13.) EXHIBIT "M" - Ist Appeallate Court Denied Relief Witout
         Reason on 3/23/07

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

FILED
COURT OF APPEALS FIRST APPELLATE DISTRICT

MAR 23 2007

DIANA HERBERT, CLERK

BY_____ DEPUTY CLERK

MANUEL A. WAGAN,

    Petitioner,

v.

THE SUPERIOR COURT OF SAN
MATEO COUNTY,

    Respondent;

THE PEOPLE OF THE STATE OF
CALIFORNIA,

    Real Party in Interest.

A116465

(San Mateo County
Super. Ct. No. SC 20837-A)

BY THE COURT:

    The petition for writ of mandate/request for counsel is denied.

Dated:    MAR 2 3 2007

KLINE, P. J.
_____ P.J.

4/12/07    Received 3/27/07 - at 6pm.
    Send letter Request of Rehearing and Clararification of order March 23, 2007.

4/14/07    M. THurs/. day Friday after 6pm.

1

14)  EXHIBIT "N" - California Supreme Court Denied Relief with
                   out reason on July 26, 2007, Case No. S1535
                   47.

Court of Appeal, First Appellate District, Div. 2 - No. A117934
**S153547**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

MANUEL A. WAGAN, Petitioner,

v.

THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;

THE PEOPLE, Real Party in Interest.

The petition for review is denied.

Werdegar, J., was absent and did not participate.

SUPREME COURT
**FILED**

JUL 2 5 2007

Frederick K. Ohlrich Clerk

DEPUTY

**GEORGE**

Chief Justice

15) EXHIBIT "O" _ United States Supreme Court Denied Review Case No. 07-61
            91 on October 29, 2007.

# Supreme Court of the United States
# Office of the Clerk
# Washington, DC 20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

October 29, 2007

Mr. Manuel A. Wagan
Prisoner ID E-30055
P.O. Box 9
Avenal, CA 93204

    Re:  Manuel A. Wagan
          v. Superior Court of California, San Mateo County
          No. 07-6191

Dear Mr. Wagan:

    The Court today entered the following order in the above-entitled case:

    The petition for a writ of certiorari is denied.

                  Sincerely,

                  William K. Suter

                  **William K. Suter**, Clerk

BACKGROUND

Petitioner, incarcerated at Pleasant Valley State Prison in Coalinga, California, for a conviction from Los Angeles County Superior Court, brings this habeas petition to attack the Board of Prison Terms' use of the term "attempted first degree murder" in its rules and regulations and in its parole consideration criteria, found at 15 Cal. Code Reg. §§ 2400-2411.

Petitioner was convicted of attempted murder, that was found to be willful, deliberate, and premeditated for purposes of increasing the sentence under Penal Code § 664.

On August 28, 1998, petitioner sent a letter to the Board of Prison Terms (hereinafter "BPT") in Sacramento, "petitioning" under Gov. Code § 11340.6 for the BPT to adopt, amend, or repeal 15 Cal. Code Reg. §§ 2400 through 2411, to change any references to "attempted first degree murder" because there is no such crime (see People v. Bright (1996) 12 Cal.4th 652). Petitioner claimed that he is an interested party, having been convicted of attempted murder that was willful, deliberate, and premeditated, and cannot tell under the current regulations whether his base term under the Matrix of Base Terms is supposed to be one-half of the "first degree murder" matrix term or the "second degree murder" matrix term, for purposes of 15 Cal. Code Reg. § 2403.

The BPT, on September 28, 1998, responded to petitioner, denying his petition in whole. The BPT informed petitioner that under Penal Code § 189, all murder that is willful, deliberate, and premeditated is murder of the first degree, and that under

2

1  Rather, all attempted murders are simply that, "attempted
2  murder," not divided into degrees. A "willful, deliberate, or
3  premeditated" finding does not convert the crime into "attempted
4  first degree murder," but instead provides for an increased
5  punishment provision.

6     Petitioner alleges that 15 Cal. Code Reg. §§ 2400-2411,
7  however, still reflect pre-Bright thinking by some, that certain
8  attempted murders are called "attempted first degree murder." he
9  claims that these regulations erroneously provide criteria and
10  guidelines for prisoners convicted of "attempted first degree
11  murders where the perpetrator is sentenced for life under the
12  provisions of Penal Code Section 664, effective January 1, 1987"
13  (15 Cal. Code Reg. § 2400).
14

15     As they now stand, the regulations technically appear not to
16  apply to anyone convicted of attempted murder, as there is no
17  such crime of "attempted first degree murder" in California. Nor
18  do the regulations appear to distinguish between attempted
19  murders that were willful, deliberate, and premeditated, and
20  those that were not willful, deliberate, and premeditated but
21  were perpetrated on a peace officer or a firefighter, which also
22  result in life sentences, thereby undercutting the BPT's position
23  in its denial response to petitioner.
24

25     Petitioner claims that the regulations need to be amended,
26  to reflect Bright. Petitioner is affected by these regulations,
27  having been convicted of attempted murder that was willful,
28  deliberate, and premeditated. Therefore, he has standing to

4

1  RETURN

2      Respondent filed a return on November 1, 1999.

3      In  the  return,  respondent  admits  that  defendant  was
4  convicted  of  willful,  deliberate,  and  premeditated  attempted
5  murder.

6      Respondent  denies  that  the  regulations  stand  in
7  contravention of law.  Respondent also answers the two questions
8  posed by the court in the order to show cause.
9

10     First,  respondent  claims  that  "attempted  first  degree
11  murder," as used in the regulations in question, is not contrary
12  to Bright.  Respondent admits that Bright held that the "willful,
13  deliberate, and premeditated" part of attempted murder does not
14  establish a greater degree of attempted murder but instead sets
15  forth a penalty provision for an increased sentence.  Respondent,
16  however,  claims  that  the  Court  in  Bright  noted  that  several
17  informal  analyses  within  the  history  had  made  reference  to
18  "attempted first degree murder" as a "shorthand reference" to an
19  attempt  to  commit  murder  that  was  willful,  deliberate,  and
20  premeditated.  Respondent claims that this "shorthand reference"
21  was used in cases that pre- and post-date the regulations in
22  question.  Thus, respondent claims, the regulations also use the
23  term as a "shorthand reference" for an attempted murder that was
24  willful, deliberate, and premeditated.
25

26     Second, respondent claims that Penal Code § 664 prescribes a
27  punishment of:  (1) unless provided otherwise, five, seven, or
28  nine years for an attempt to commit a crime that carries a life

6

1 | Bright.

2 | Petitioner also points out that the amendment to Penal Code
3 | § 664(a) that created a punishment of life imprisonment with
4 | possibility of parole for "attempted willful, deliberate, and
5 | premeditated murder" created confusion amongst legal scholars,
6 | many of whom concluded that a new greater offense of "attempted
7 | first degree murder" had come into existence.   This is what
8 | Bright rejected.   15 Cal. Code Reg. §§ 2400-2411 were adopted in
9 | 1988, and did not, at that time, reflect what would become the
10 | holding in Bright, which was decided eight years later.   Thus,
11 | the BPT must have subscribed to the belief that a new greater
12 | offense of "attempted first degree murder" had come into
13 | existence.   In support, petitioner attaches documentation of
14 | memorandum generated at the time the regulations were adopted,
15 | referring to the crime of "attempted first degree murder" but not
16 | at all to "willful, deliberate, and premeditated."   However,
17 | after Bright was decided, the BPT took no action to amend the
18 | regulations to reflect the rejection of that theory in Bright.

19 | Petitioner also takes issue with respondent's attempt to
20 | justify the failure of the BPT to amend 15 Cal. Code Reg. §§
21 | 2400-2411, to reflect Bright, to save "state printing resources."
22 | Petitioner contends that this rationale is preposterous, and in
23 | any event, the wordiness of the paragraphs containing the
24 | offending language do not evince any desire to "save state
25 | printing resources."

26 | Petitioner also claims there is no case, statute, or maxim

8

1   issuing this opinion without need for ordering an evidentiary

2   hearing.

3

4   **CONCLUSION**

5       Respondent's position, simply put, is untenable.

6       It is clear that 15 Cal. Code Reg. §§ 2400-2411 were adopted

7   at a time when many scholars believed that a new offense of

8   "attempted first degree murder" had been created by the amendment

9   to Penal Code § 664 that allowed, for life imprisonment of a

10  defendant convicted of attempted murder that was willful,

11  deliberate, and premeditated.    These scholars were wrong,

12

13  however, as the California Supreme Court concluded in <u>Bright</u> that

14  no such crime had been created, and that instead the "willful,

15  deliberate, and premeditated" language had created a punishment

16  provision.  Since <u>Bright</u>, it has been clear that there is no such

17  crime as "attempted first degree murder" in California.    Yet,

18  since <u>Bright</u>, the BPT has made no attempt to amend 15 Cal. Code

19  Reg. §§ 2400-2411 to reflect the decision in <u>Bright</u>.   Instead,

20  the BPT continues to utilize outdated language that was found to

21  refer to a noncrime in <u>Bright</u>.  Closing

22      Respondent's argument that the usage of the term is a

23  "shorthand reference" is also untenable.  Although the term may

24  have been a "shorthand reference" before the time of <u>Bright</u>, it

25  has been clear since <u>Bright</u> was decided that the usage of such a

26  term is disfavored and refers to a noncrime.   Therefore, it

27  should have been deleted from the regulations at issue in this

28

                                10

1    Respondent does not address why 15 Cal. Code Reg. §§ 2400-
2    2411 were never changed to reflect Bright, after Bright was
3    decided.   Rather, respondent's position appears to be that
4    amendment to the regulations was not necessary because the
5    "shorthand reference," according to respondent, represented a
6    "convenient method of expressing the terms of a crime which
7    otherwise requires a more generous expenditure of state printing
8    resources."
9
10        Regulations promulgated to reflect the status of the law as
11   it is written, however, cannot be justified in its shortcomings
12   by a desire to limit the "expenditure of state printing
13   resources."   Rather, if the law is of a certain status, the
14   regulations must accurately reflect that law, even if it requires
15   "a more generous expenditure of state printing resources."
16   Expense in reprinting materials to reflect the current status of
17   the law should never be used as an excuse to fail to act to amend
18   materials that are outdated and no longer reflect the current
19   status of the law.
20        For these reasons, it is concluded that 15 Cal. Code Reg. §§
21   2400-2411 are invalid insofar as they include the term "attempted
22   first degree murder," which is not a crime in California.
23
24   ORDER
25
26        IT IS THEREFORE ORDERED that the petition for writ of habeas
27   corpus is granted, and that 15 Cal. Code Reg. §§ 2400-2411 are
28   DECLARED INVALID INSOFAR as they include the term "attempted

## CERTIFICATE OF SERVICE BY MAILING
### (C.C.P. Sec. 1013a(3))

I, the Clerk of the Superior Court of California, County of Sacramento, certify that I am not a party to this cause, and on the date shown below I served the foregoing order granting habeas corpus by depositing true copies thereof, enclosed in separate, sealed envelopes with the postage fully prepaid, in the United States Mail at Sacramento, California, each of which envelopes was addressed respectively to the persons and addresses shown below:

RICHARD DUDEK
Attorney at Law
819 F Street
Sacramento, CA  95814

WARDEN GAIL LEWIS,
PLEASANT VALLEY STATE PRISON
P.O. Box 8500
Coalinga, CA  93210

OFFICE OF THE ATTORNEY GENERAL,
STATE OF CALIFORNIA
P.O. Box 944255
Sacramento, CA  94244-2550

JAMES NIELSEN, CHAIRMAN
BOARD OF PRISON TERMS
428 J Street
Sacramento, CA  95814

I, the undersigned deputy clerk, declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 10, 2000

Superior Court of California,
County of Sacramento

By: S. JACOBS,
Deputy Clerk

Z2.doc